ALTROCK v. VANDENBURGH et al.

(Supreme Court, Special Term, Rensselaer County.　March, 1893.)

WILLS—EFFECT OF VOID CODICIL.
　　Testator bequeathed his personalty to his daughter, and his land, which was of equal value, to his son for life, remainder to his son's children. After the son's death, testator made a codicil to his will, reciting the devise, and, "instead thereof," devising the land to his son's children for life, remainder over, but not in terms revoking the previous devise. The codicil was void, because it violated the statute against perpetuities. *Held*, that the codicil did not revoke the devise in the will.

Action by Catharine Altrock against Arabella Vandenburgh and others for partition.　Judgment for plaintiff.

John McShea and Frank S. Black, for plaintiff.
R. A. Parmenter, T. J. Van Alstyne, John P. Albertson, and M. I. Townsend, for defendants.

PARKER, J.　April 23, 1872, John W. Vandenburgh made his will.　At that time he had a wife and two children, Catherine Link and William J. Vandenburgh.　His estate consisted of real and personal property of about equal value.　By his will he gave substantially all his personal property to his daughter, and his real estate to his son and his son's children, subject to an annuity to his widow for life, thus in effect making a nearly equal division of his property between his two children or their descendants.　After the will was made the son died, and the testator then made a codicil reciting that fact, and purporting to devise his real estate to the three children of his son for the life of each, and successively to the survivor and survivors, and, upon the death of all of them, then to their children.　This provision is void, for it suspends the power of alienation for more than two lives in being.　After his death the will and codicil were duly admitted to probate, and in due course his personal estate was by the executor turned over to his daughter, the children and widow of testator's deceased son entering into and retaining possession of the real estate.　Subsequently an action of partition was begun by the plaintiff, a daughter of William J. Vandenburgh, deceased, in which action it was asserted by some of the defendants that, while the attempted disposition of the real estate by the codicil was void, nevertheless it operated to revoke the devise of the real estate made by the will, and therefore as to it the testator died intestate, thus vesting in his daughter, Catherine Link, an undivided one-half interest thereof.　The action was tried and judgment rendered therein, but it was subsequently opened in order to make another person claiming some interest in the premises a defendant; hence this retrial.　The justice before

whom the case was first tried reached the conclusion that the provision relating to the real estate was revoked by the codicil, reluctantly, because it was clear to him that such a determination results in defeating the manifest intention of the testator.

It is with some hesitation that this court takes the position that it will not follow the prior determination. It is so clear that the adoption of a construction of the will and codicil, taken together, which results in intestacy as to real estate, thus giving to the daughter's family one-half of the property which he intended for that of his son, is so manifestly against testator's wishes that the court should strictly inquire whether it is commanded by authority to so declare before yielding to the contention of the advocate for such a construction. The will and codicil must, of course, be taken together and construed as one instrument, and it is a fundamental rule of construction that the intention of the testator, as manifested by the whole instrument, must be first ascertained, and then such a construction given as will permit such intention to prevail, unless in contravention of some fixed legal rule. Now, it seems to be apparent from both the will and the codicil that it was the intention of the testator that the children of William, or their heirs at William's death, should have the real estate. By the will he provided that his son, subject to the annuity before mentioned, should have the income thereof during his life, and after his death the fee to go to the children of his son or their heirs. The son dying, the testator then made the codicil by which he gave the income to the children of his son during their lives, or the survivor of them, and, upon the death of all of them, then to their children. It is apparent, therefore, that the purpose of the testator, as manifested both by the will and the codicil, was that his son and his descendants in some form should receive the benefit of this real estate. It is nowhere contemplated that his daughter, Catherine, was to receive any benefit from it as against them. It must, of course, be conceded that, if the codicil had in terms revoked the devise contained in the will, the fact that an attempted devise of such property by the same instrument was void would not operate to restore the devise revoked. But that is not the question presented by this instrument. The codicil does not in express language revoke the devise in the will. It recites: "Inasmuch as I devised my farm to my son, William, for the term of his natural life, with remainder over, now, instead thereof, I do devise my said farm," etc. Now, if this attempted devise was valid, it would operate as a revocation of the will in such respect, because inconsistent with it, and expressly intended to take the place of it. But it is not valid, and it would be strange, indeed, if a wholly inoperative attempted disposition should nevertheless have the effect of destroying a prior valid devise, especially when, as in this case, it is apparent that the testator did not wish to die intestate as to his real estate, and that, if he had known he could not lawfully make the disposition last attempted, he would have been content with the first. No authority has been brought to my notice which seems to require such a holding. On

the contrary, the reasoning of Judge Finch, speaking for a unan-
imous court, in Austin's Case, 117 N. Y. 577–597, 23 N. E. Rep. 193,
seems to clearly justify the conclusion that a void disposition, al-
though inconsistent and repugnant to a prior one, does not operate
to destroy it. In that case the remainder of a testator's estate was
given to his children and grandchildren, in such shares as his wife
should by her will direct and appoint. By her will she duly ex-
ercised the power of appointment. Subsequently one of the ap-
pointees died. Then she undertook by a codicil to designate which
of the appointees should receive the share which the will provided
should go to the deceased child. This provision of the codicil was
held to be inoperative and void. A comparison of the main features
of the two cases will make clear the applicability of the discussion
of the Austin Case to the one under consideration. In that case
the testator possessed, and by will legally exercised, the power of
appointment. In this one, testator could, and by will did, devise
his real estate. The testatrix in Austin's Case possessed the power
to revoke, by codicil, the appointment made by the will, and to
make a new and valid appointment therein. The testator Vanden-
burgh also had the power to revoke, by codicil, the devise contained
in the will, and to make a new devise therein. In Austin's Case the
testatrix intended to revoke the appointment as to Charles Austin's
share, and reappoint as to it; and in this case the testator in-
tended to substitute the devise made by the codicil for that provided
by the will. In each case the disposition attempted to be made by
the codicil is void and of no effect. And in each case the question
is squarely presented whether these void attempted dispositions are
nevertheless effective to revoke the dispositions they were intended
to replace. In Austin's Case it was held not, Judge Finch saying:

"And thus the conviction is strengthened that Mrs. Austin did, fully and
completely and lawfully, execute by her will the appointment authorized
by her husband, unless the further objection of the appellants is sound,—
that her codicil appointing the share of Charles to the Oakes children oper-
ated as a revocation of the devise over, although itself null and void.
That proposition strikes me as both unreasonable and illogical. The ap-
pellants are required to argue, as they do argue, that the appointment of
Mrs. Austin's codicil was absolutely null and void, because it transcended
the authority conferred; and not only that, but was so vicious and bad that
it dragged down with it the other appointments which did not exceed the
power, and yet was good enough and had force enough to revoke and annul,
without words of revocation, an appointment complete and lawful and fully
within the scope of the power conferred. ⁎ ⁎ ⁎ There are no words to
that purport, or which declare that intention, and so it rests alone upon an
implication born of the alleged repugnancy of the two provisions. But are
they necessarily repugnant? They would be if the devise to the Oakes chil-
dren was good. But are they if it is bad? Can nothing be repugnant to
something, and turn that something into nothing? Suppose Mrs. Austin
had written out in full the thought which was in her mind when she ex-
ecuted the codicil. She would have said: 'I prefer to give the share of
Charles to the Oakes children, if I can. That is my preference, and I
give it to them if I may do so according to law.' And then suppose that
it should turn out that she could not lawfully make the change. Does it
follow, in that event, that she meant to revoke the valid appointment?
⁎ ⁎ ⁎ That preference was wholly subordinate to the execution of her

power, and no violence is done to her intention if, that failing, the disposition of her will is suffered to stand; for I deem it beyond a reasonable doubt that if she had known what we now know, that an appointment to the daughter's children was not within her authority, she never would have made it, but would have suffered the disposition of her will to remain."

It seems to be clear that the reasoning in the Austin Case is not only applicable, but controlling, in this one.