[S. F. No. 3600.    Department Two.—December 30, 1903.]

In the Matter of the Estate of ANGELIA R. SCOTT, Deceased. EUGENE WORMELL, Appellant, v. MORTIMER S. CHAMBERLAIN, and RACHAEL JOHONNOTT, Respondents.

ESTATES OF DECEASED PERSONS—PETITION FOR PARTIAL DISTRIBUTION —CONSTRUCTION OF WILL AND CODICIL—REVOCATION OF BEQUEST.— Where by the express terms of the codicil to a will of a deceased testator a desire was expressed to revoke and change some of the former devises and legacies, and that the codicil shall control the provisions of the former will, and the codicil, after specific gifts, disposes of the whole residue of the estate to certain persons named, of whom a petitioner for partial distribution of the estate is not one, though such petitioner was named as one of the persons entitled to a portion of the residue in the original will, the bequest thereof in the original will is expressly revoked by the codicil, and the petitioner has no interest in the estate.

APPEAL from an order of the Superior Court of the City and County of San Francisco denying a petition for partial distribution of the estate of a deceased testator. J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

L. Seidenberg, and R. P. Clement, for Appellant.

There was no expressed intention to disinherit the appellant. The remainder of the will, so far as not inconsistent with the codicil, was expressly allowed to stand. (Civ. Code, secs. 1296, 1322; *Estate of Upham,* 127 Cal. 97; *In re Ladd,* 94 Cal. 674, 675; *Whitman* v. *Parker,* 52 N. Y. 462; *Kerr* v. *Dougherty,* 79 N. Y. 327, 348; *Viele* v. *Keeler,* 129 N. Y. 199; *Derby* v. *Derby,* 4 R. I. 428; *Doe* v. *Hicks,* 8 Bing. 480, 489; *Colt* v. *Colt,* 32 Conn. 462; 6 Am. & Eng. Ency. of Law, 2d ed., 186.)

Houghton & Houghton, for Respondents.

A gift of the residue of the estate in a codicil revokes a gift of the residue in the will. (*Earl of Hardwicke* v. *Douglas,*

7 Clark & F. 795; *Evans* v. *Evans*, 17 Sim. 106; *Sturgis* v. *Work*, 122 Ind. 134;[1] *Bosley* v. *Bosley*, 14 How. 390, 395; *Goods of Hastings*, 20 W. R. 616; 26 L. T., N. S., 715; *Matter of Richard's Estate*, 36 W. N. Cas. (Pa.) 264.)

Philip G. Galpin, for other Devisees.

The residuary devises in the codicil are absolutely irreconcilable with any residuary devise in the will, and the Civil Code controls. (Civ. Code, sec. 1321.)

McFARLAND, J.—The deceased, Angelia R. Scott, died testate, and her estate being in course of administration, Eugene Wormell, the appellant, filed a petition for the partial distribution to him of his alleged proportion of certain moneys in the hands of the executors, claiming that he was a residuary legatee and devisee under the will of the deceased. The court held that he was not such legatee or devisee and had no interest whatever in the estate, and denied the petition; and from the order denying the petition said Wormell appeals.

Respondents contend that there is no authenticated record before us which presents the question sought to be raised by appellant; but as we think that the order appealed from should be affirmed on the merits, we will not consider the alleged insufficiency of the record.

The documents which constitute the last will and testament of the testatrix are an original will and two codicils. The first codicil merely makes a change of the executors named in the will, and is of no consequence here, except perhaps as explaining a certain unimportant reference in the second codicil to a former codicil. The questions involved in this appeal arise entirely out of the will and the second codicil.

The will was executed November 7, 1891. It contains a number of specific legacies, and then proceeds as follows: "I give, devise, and bequeath all the rest and residue of my property as follows: One fiftieth thereof to each of the following persons, children of my late brother, Amos P. Wormell, namely,"—and then a number of such children of said Amos are named, among whom is the appellant herein, Eugene Wormell. A large number of other persons were then named

---

[1] 17 Am. St. Rep. 349.

to whom one or more fiftieths are given, until the entire fifty fiftieths of the residue is disposed of.

The second codicil, above referred to, was made October 22, 1897,—about six years after the will. In the codicil the testatrix refers to the former will, and states that the death of two or three devisees named therein makes a new distribution necessary, and, also, that she desires to revoke and change some of the former devises and legacies, and to make some new ones, and that she prefers to do this "by way of another codicil to my former will instead of executing a new one." Then follows this clause: "but in any respect in which this codicil shall conflict with the provisions of my former will, I fully intend that this codicil shall control the provisions of the former will, and that otherwise the former will and the codicil thereof shall stand unaffected by it." The testatrix then proceeds, in the codicil, to make a number of specific gifts; and after these specific gifts she used this language: "I give, devise, and bequeath all the rest and residue of my estate subject to all unrevoked legacies and bequests of my will and subject to those herein contained, as follows: Of such residue two fiftieths thereof to my nephew, Andrew Wormell,"—and then follow gifts of the whole residue by fiftieths to various named persons, among whom appellant here is not one.

The case has been argued very fully by counsel for each side and a number of authorities cited; but it is so obvious that appellant takes nothing under the two documents which constitute the last will and testament of the deceased that a review of the authorities or an extended opinion seems uncalled for. By the codicil all the residue of the property of the testatrix, after the specific legacies, is given to persons other than appellant; this provision is utterly inconsistent with the provision of the original will, by which part of that residue was given to appellant; and the provision of the codicil prevails, not only according to general principles of construction applicable to the subject, but by the express provision of the codicil above quoted.

The order appealed from is affirmed.

Lorigan, J., and Henshaw, J., concurred.

Hearing in Bank denied.