[S. F. No. 7623.   In Bank.—April 7, 1917.]

In the Matter of the Estate of JOHANNE AUGUSTA EMILY MARX, Deceased.

WILL—REVOCATION OF PRIOR WILL BY LATER—DISPOSITION OF ENTIRE ESTATE.—A later will containing no express revocation of former wills, but which, in fact, disposes of the entire estate, leaving nothing upon which the former will could operate, is, in effect, a revocation thereof.

ID.—INCONSISTENCY OF LATER WILL WITH PRIOR.—The prior will can be deemed to have been revoked only by reason of the fact that the subsequent will is wholly inconsistent therewith, and would be a revocation if it were effectual to the disposition of the entire estate.

ID.—INVALIDITY OF DISPOSITIONS OF LATER WILL—PRIOR WILL NOT COMPLETELY REVOKED.—Where a portion of the dispositions made by a later will containing no express revocation clause is invalid, and by reason of that invalidity the entire estate is not disposed of, it is, to the extent of the undisposed of estate, not inconsistent with a prior will, and does not completely revoke it.

ID.—PROBATE OF EARLIER WILL AFTER PROBATE OF LATER—PROPER
   PRACTICE.—After a will has been probated and another paper of
   an earlier date is found which constitutes a part of the last will
   of the decedent together with that already probated, it is not
   necessary to revoke the former order of probate. The proper prac-
   tice is to admit the earlier, but later found, will to probate, as
   constituting, so far as may be, a part of the decedent's last will.
   Proceedings already taken would remain effective so far as rights
   may have vested under them.

APPEAL from an order of the Superior Court of Napa
County admitting a will to probate. Henry C. Gesford,
Judge.

The facts are stated in the opinion of the court.

Wm. Loewy & Walter Loewy, and Wallace Rutherford, for
Appellant Stephanie Henke.

U'Ren & Beard, for Respondents and Executors.

Clarence N. Riggins, for Respondent Antonio Brant.

Edmund Nelson, and Garret W. McEnerney, *Amici Curiae.*

SHAW, J.—The record presents an appeal by Stephanie
Henke, a niece of the decedent, and her only heir at law,
from an order admitting to probate, as constituting together
the last will of the decedent, two documents testamentary in
character, executed at different dates.

The decedent died on May 14, 1914. One of the documents
in question was dated March 8, 1910, the other March 26,
1913. The latter was found immediately after her death and,
on petition of the persons named therein as executors, was
duly admitted to probate on June 8, 1914. Several months
after their appointment as executors, upon examining the
other papers and effects of the decedent, they discovered the
document dated March 8, 1910. Being in doubt whether the
document of 1910 constituted a part of the will of the dece-
dent, or was revoked by the will already admitted to probate,
they filed a petition, upon which the order appealed from
was made, alleging the probate of said will of 1913, the subse-
quent discovery of the will of 1910, together with the other

facts made essential by the code to a petition for the probate of a will, and praying, in the alternative, that the two documents be admitted to probate together as the last will of the decedent; or, that the will of 1910 be admitted as the last will, or that the will of 1913 alone be declared to constitute the will; also that if the court found that the will of 1910 constituted any part of the will of the decedent, it revoke the order previously made admitting the will of 1913 to probate.

Upon the hearing of this petition the court made an order declaring that the decedent left the said two wills dated respectively, March 8, 1910, and March 26, 1913, that they together constituted the last will of the decedent, and admitting the same to probate as such last will. The order also declared that the previous order of June 8, 1914, admitting to probate the document of March 26, 1913, alone, as the last will of the decedent, "be vacated and set aside and that all proceedings thereunder be vacated and set aside."

The will of 1913 contained no declaration as provided in section 1292 of the Civil Code revoking the will of 1910. The appellant contends that it was wholly inconsistent therewith and consequently operated as a revocation by implication, under the rule prescribed by section 1296 of the Civil Code, which is as follows:

"A prior will is not revoked by a subsequent will, unless the latter contains an express revocation, or provisions wholly inconsistent with the terms of the former will; but in other cases the prior will remains effectual so far as consistent with the provisions of the subsequent will."

The authorities support the proposition that a later will containing no express revocation of former wills, but which, in fact, disposes of the entire estate, leaving nothing upon which the former will could operate, is, in effect, a revocation thereof. If the later provisions were carried out it would consume the entire estate and the prior will could have no effect. On this point Mr. Jarman says that in all cases where a later will is adequate to the disposition of the entire property of the deceased the case "rests on the true construction of the contents of the two instruments, and the complete disposition contained in the second must, unless controlled by the context, wholly revoke the first." (1 Jarman on Wills, 6th ed., *p. 138; other authorities to the same effect are Page

on Wills, sec. 269; 1 Underhill on Wills, sec. 251; 1 Redfield on Wills, *pp. 362, 365.)

The respondent, in answer to this proposition, presents the point that although the dispositions of the will of 1913, if carried out literally, would consume the entire estate, yet that because of the fact that the charitable gifts therein far exceed one-third of the estate, there is a considerable portion thereof which is not lawfully disposed of, because of the invalidity of the disposition as to such excess, and, consequently, that the rule that a later will adequate to the complete disposition of the estate revokes a prior will does not apply. The facts support this contention. The gifts to charitable uses in the will of 1913 amount to $113,610. The value of the estate as shown by the appraisement filed was $149,141.68. One-third of the estate would, therefore, be $49,713.89 and this is the full extent of the valid charitable gifts. The gifts not charitable amount to $61,018.40. As the valid gifts of this will, therefore, amount to $110,732.29 the balance of $38,409.29 remains undisposed of by that will. The gifts of the will of 1910 to persons who are not mentioned in the will of 1913 amount to only $25,100. The balance undisposed of by the will of 1913 would, therefore, satisfy the dispositions of the will of 1910, if the respective dispositions of the two wills are not to be cumulated, and the two wills may be probated together, under this theory, without any complications arising from the overdisposition of the estate.

The authorities support the proposition that an invalid disposition in a subsequent will does not operate to revoke a disposition in the prior will and is ineffective for any purpose. In *Austin* v. *Oakes*, 117 N. Y. 577, [23 N. E. 193], the testatrix having only a restricted power to appoint by her will the persons to take under her husband's will, executed a will containing a lawful exercise of the power. Afterward, by a codicil, she attempted to declare a different appointment as to one share by giving it to persons who were not within the class to which, by the terms of the power, she was confined. The court said: "A revocation of an earlier disposition of a will by a later one, or by a codicil, is never anything but a rule of necessity, and it operates only so far as is requisite to give the later provision effect. . . . But no revocation could give effect to the codicil," and, referring to

the fact that the later disposition of the codicil was invalid, it
further said: "No violence is done to her intention if, that
failing, the disposition of her will is suffered to stand; for I
deem it beyond reasonable doubt that if she had known what
we now know, that an appointment to the daughter's children
was not within her authority, she never would have made it
but would have suffered the disposition of her will to re-
main." So in *Altrock* v. *Vandenburgh,* 25 N. Y. Supp. 851,
the testator had devised his land to his son for life with
remainder to his son's children. · The son died and he then,
by a codicil, devised the land to the same children, but in a
manner which was void, being in violation of the law of New
York against perpetuities. The court held that the codicil
did not revoke the former devise of the remainder in fee,
saying: "It would be strange, indeed, if a wholly inoperative
attempted disposition should nevertheless have the effect of
destroying a prior valid devise, especially when, as in this
case, it is apparent that the testator did not wish to die in-
testate as to his real estate, and that, if he had known he
could not lawfully make the disposition last attempted, he
would have been content with the first." The case is analo-
gous to those where a testator, having made a will and desir-
ing to make a new one, cancels the first will preparatory to
making the second and thereafter fails lawfully to execute
the same or makes therein an invalid disposition of his prop-
erty. In such cases it is held that the attempted cancellation
of the old will is ineffectual because the full intent is wanting,
it being conditional upon the execution of a valid new will.
Mr. Underhill, on this subject, says: "It will be presumed
(and the presumption is sanctioned by reason and good sense)
that the testator meant the cancellation to operate as a revoca-
tion only in the event of the will which he had intended to
make being valid. If, therefore, he is prevented from exe-
cuting any will, or the one he intends to make, or if he exe-
cutes a will which turns out to be invalid, the will which has
been revoked will revive." (1 Underhill on Wills, sec. 252.)
It will perhaps be more accurate to say that the prior will
does not revive but that the attempted revocation will be
deemed ineffectual.

These principles apply to the present case. The prior will
can be deemed to have been revoked only by reason of the

fact that the subsequent will is wholly inconsistent therewith, and would be a revocation if it were effectual to the disposition of the entire estate. But it appears that a large portion of the dispositions made is invalid, and by reason of that invalidity the entire estate is not disposed of. The will of 1913 is inadequate to the disposition of the estate and to that extent it is not inconsistent with the prior will. Consequently, it is not wholly inconsistent therewith and does not completely revoke it. It is not necessary upon this consideration of the case, and hence it would be improper, to determine to what extent the legacies given in the prior will are revoked, or whether they are revoked at all by legacies given to the same legatees in the subsequent will. The court below did not err in admitting the two wills as constituting together the last will of the decedent.

The appellant further contends that the portion of the order purporting to vacate the order of June 8, 1914, admitting the will of 1913, alone, to probate, and vacating all proceedings thereunder is erroneous. This contention, we think, is well taken. After a will has been probated and another paper of an earlier date is found which constitutes a part of the last will of the decedent together with that already probated, it is not necessary to revoke the former order of probate. A different question would be presented if the earlier will had been the one first discovered and probated. In that case, the later will, if admitted to probate, would partially supersede and revoke the prior will if inconsistent in part only, or wholly revoke it if entirely inconsistent. Within the year from the first probate, the later will could be offered for probate in connection with a petition to revoke the probate of the earlier one, if it was inconsistent therewith, on the ground that the later will substantially affected the validity of the will probated, as provided in subdivision 4 of section 1312 of the Code of Civil Procedure. (Code Civ. Proc., secs. 1327, 1328, 1329, 1330.) After that period perhaps the probate of the earlier will would be conclusive so far as it disposed of the estate. (Code Civ. Proc., sec. 1333; *State* v. *McGlynn*, 20 Cal. 233, [81 Am. Dec. 118].) The present petition was filed within the year and therefore the precise question last mentioned does not arise. Nor is there a question presented affecting the validity of the will of 1913 al-

ready probated. That will is the later will. If it lawfully disposed of the entire estate, it would be the only valid will. So far as it does so, it is final and conclusive against any prior will; it cannot be affected thereby. The will of 1910, when probated, takes effect, and can take effect, only because the will of 1913 is not effective to dispose of the whole estate, and it takes effect only upon property not disposed of by the will of 1913 and as to which that will left the decedent intestate. The will of 1913 must stand unaffected and must prevail over that of 1910, in any event. It was, therefore, unnecessary to revoke the probate of the will of 1913 and immediately readmit it to probate. And as rights may have accrued under the proceedings taken in the meantime, it was improper to vacate the previous proceedings. The proper practice was to admit the earlier, but later found, will to probate, as constituting, so far as may be, a part of the decedent's last will. Proceedings already taken would remain effective so far as rights may have vested under them. The facts stated in the petition showed no cause for the revocation of the former probate and did not require or justify the issuance of the citation required by section 1328 of the Code of Civil Procedure, where a petition to revoke the probate of a will is filed. The part of the order appealed from purporting to revoke the previous probate of the will of 1913, and vacating the proceedings had under the previous order of probate, should not have been inserted therein.

. This conclusion, however, does not render it necessary to reverse the entire order. All that need be done is to modify it by striking out the objectionable portion.

It is, therefore, ordered by this court that the order appealed from be modified by striking therefrom the following words:

"That the order made and filed herein on the 8th day of June, 1914, admitting the document dated March 26th, 1913, to probate alone as the last will and testament of said deceased and appointing Percy S. King and J. E. Beard (also known as Edgar Beard), as executors thereof and ordering that letters testamentary be issued to them without bonds be vacated and set aside and that all proceedings thereunder be vacated and set aside."

And that as so modified the order be affirmed, appellant to recover costs of appeal.

Sloss, J., Lorigan, J., and Melvin, J., concurred.

Angellotti, C. J., dissented.

Rehearing denied.

Angellotti, C. J., and Henshaw, J., dissented from the order denying a rehearing.