[S. F. No. 11036.  In Bank.—June 30, 1925.]

In the Matter of the Estate of WILLIAM J. DANFORD,
Deceased.  MRS. CAROLINE MASON, Appellant, v.
NORA D. DANFORD, Respondent.

[1] WILLS—IMPLIED REVOCATION—COMPLETE SUBSEQUENT DISPOSITION
OF ENTIRE PROPERTY.—It is not necessary that a later will ex-
pressly declare that it is intended to revoke a former will, all that
is required being that it shall appear from the provisions of the
later will that it is intended to alter or revoke the former will, in
whole or in part; and if the subsequent instrument does not profess
to be a codicil and is adequate to the disposition of the entire
property, there is no such a priori improbability that it was in-
tended wholly to supplant the prior instrument.

[2] ID.—INTENT OF TESTATOR—INCONSISTENT INSTRUMENTS—CONSTRUC-
TION.—In such case, the governing principle is the intention of the
testator; and a complete revocation by implication will not follow
unless the general tenor of the later will shows clearly that the
testator so intended, or the two instruments are so plainly in-
consistent as to be incapable of standing together.

[3] ID.—DISPOSITION OF ENTIRE PROPERTY BY LATER WILL—INTENT—
JUDGMENT—APPEAL.—On this appeal from an order admitting to
probate a later will of the testator and denying probate of an
earlier will, as the later instrument did not appear to be a codicil,
and its provisions were adequate to the disposition of the entire
estate of the testator, and there was nothing in the context of the
two wills of such compelling force as to require their being con-
strued as one instrument, there was no a priori improbability that
the later will was intended to wholly supplant the prior will, and
the appellate court could not say, as a matter of law, that the
judgment of the lower court was correct.

[4] ID.—PRIOR APPLICATION FOR LETTERS OF ADMINISTRATION.—Where
the decedent left a will, which is established and admitted to pro-
bate, and letters of administration with the will annexed are issued
to the widow of the deceased, the court should deny her prior
application for letters of administration.

(1) 40 Cyc., p. 1173, n. 62, p. 1175, n. 68, p. 1386, n. 85, p. 1421,
n. 65.   (2) 40 Cyc., p. 1173, n. 61, p. 1175, n. 69, 70, p. 1176, n. 72.
(3) 40 Cyc., p. 1175, n. 68, p. 1292, n. 85.   (4) 23 C. J., p. 1031,
n. 64, p. 1032, n. 70 New.

1.  Inconsistent provisions of subsequent will as revocation of
prior will, note, Ann. Cas. 1914A, 123.  See, also, 28 R. C. L. 175.

APPEAL from an order of the Superior Court of the City and County of San Francisco admitting to probate a later will and denying probate of a prior will. Frank H. Dunne, Judge. Modified and affirmed.

The facts are stated in the opinion of the court.

Dunne & Brand and Nat Schmulowitz for Appellant.

E. J. Talbot and J. E. Manning for Respondent.

William J. Brennan and Frank M. Hultman, *Amici Curiae*.

WASTE, J.—Appellant appeals from an order refusing probate to a purported will, admitting to probate a subsequently executed document, and granting letters testamentary with the will annexed to respondent. The question in the case is whether a will of William J. Danford, deceased, dated September 15, 1920, appointing appellant executrix thereof, was revoked by a later will dated September 9, 1922, in which there is no clause expressly revoking the prior will, and in which no one is designated to act as executor.

After William J. Danford died, on October 24, 1923, two documents of testamentary character were found among his effects. Nora D. Danford, the surviving wife of the decedent, filed a petition in probate, alleging that the deceased died intestate, and sought to be appointed the administratrix of his estate. Mrs. Caroline Mason, appellant here, filed a petition for the probate of the two testamentary documents as the last will of Danford, and prayed for the appointment of herself as executrix without bonds. Mrs. Danford thereupon filed a petition praying for the probate of the document bearing the later date as the last will of the deceased, and prayed that she be appointed the administratrix with the will annexed. The three petitions came on for hearing at the same time. The authenticity of the two testamentary documents was clearly established, it being conceded that each was entirely written, dated and signed by the hand of the testator, William J. Danford. The court below granted both petitions of Nora D. Danford, and denied the petition

of Mrs. Mason. It is from these orders that the latter has appealed.

The recitals in the nature of findings contained in the order denying and granting the various petitions do not disclose the grounds upon which the trial court made its decision. The only tenable theory on which it could have relied to support its action, under the findings, is that the provisions of the second instrument of testamentary character are wholly inconsistent with the terms of the former will, and work a revocation of that instrument. That is the point which has been argued in the briefs of the parties to the appeal. There is presented, therefore, for our consideration the effect of the will of September 9, 1922, upon the will executed September 15, 1920.

A former decision in this matter was recalled on petition for rehearing, in order that a re-examination of the point at issue might be had in connection with our consideration of an exactly similar question presented by another matter, also on appeal. The opinion in that case has this day been filed. (*In the Matter of the Estate of Iburg, ante,* p. 333, [238 Pac. 74].)

The following sections of the Civil Code are applicable to the case at bar: Section 1317: "A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible." Section 1320: "Several testamentary instruments, executed by the same testator, are to be taken and construed together as one instrument." Section 1296; "A prior will is not revoked by a subsequent will, unless the latter contains an express revocation, or provisions wholly inconsistent with the terms of the former will; but in other cases the prior will remains effectual so far as consistent with the provision of the subsequent will." [1] It was not necessary that the will of September 9, 1922, should expressly declare that it was intended to revoke a former will. The words "declaring such revocation," used in the section of the code providing the manner in which a written will may be revoked (Civ. Code, sec. 1292), mean nothing more than that it shall appear from the provisions of the last will that it is intended to alter or revoke the former, in whole or in part. (*Clarke* v. *Ransom,* 50 Cal. 595, 602.) "If the subsequent instrument does not profess to be a

codicil and is adequate to the disposition of the entire property, there is no such *a priori* improbability that it was intended wholly to supplant the prior instrument. The case then rests on the true construction of the contents of the two instruments, and the complete disposition contained in the second must, unless controlled by the context, wholly revoke the first." (1 Jarman on Wills, 6th ed., *p. 138.) [2] The governing principle is, therefore, the intention of the testator. It does not necessarily follow from the fact of the new will that full and entire revocation was intended. The purpose may have been to make supplemental provisions, consistent with the former will in whole or in part, to dispose of other property, or to amend and alter the prior dispositions only. Hence a complete revocation by implication will not follow unless the general tenor of the later will shows clearly that the testator so intended, or the two instruments are so plainly inconsistent as to be incapable of standing together. (*Williams* v. *Miles,* 68 Neb. 463, 476 [110 Am. St. Rep. 431, 4 Ann. Cas. 306, 62 L. R. A. 383, 94 N. W. 705, 96 N. W. 151].)

[3] In the will executed by Danford on September 15, 1920, he recited that he had "revoked and destroyed" all previous wills and codicils made by him, and provided certain bequests and devises as follows: (2) To his son, Earl J. Danford, the sum of $100, and like sums to his son's wife and children; and, in the event either of them should file a contest of the will, the provision in their behalf is revoked. (3) To his sister, Kate Penland, for herself and her children, one-fourth of his entire estate. (4) To Mrs. C. Mason [the appellant], one-half of his entire estate, after funeral expenses and encumbrances are paid, and naming appellant "executor without bonds." The will makes no disposition of the residue of the estate, if any remains.

The later will, dated September 9, 1922, is short, and we quote it in full:

"Tanajura, Calif.                          ·September 9, 1922.
    "In case of any accident to                    (9–22–22
me ~~enroute to San Francisco~~                    (Wm. J. D.

"I make this Olographic will as my last will. I hereby revoke the codicil to my previous will made October 16th, 1921, in favor of John Hoyle and hereby remit his indebted-

ness to me or my Estate. I hereby give $2000.00 to Mrs. B. Gross and $5,000.00 to my sister Catherine Penland, 1859 Cleveland Avenue, Chicago, Illinois. *All* the remainder of my Estate and All my personal effects I give to Caroline Mason including all of our partnership properties, stocks, and good will.

"WM. J. DANFORD."

The ultimate question, whether or not the will made September 15, 1920, was wholly annulled by that made September 9, 1922, was squarely presented to the lower court on the offer of the two instruments for probate, and the objection of Nora D. Danford, the wife of the decedent, to the admission of the first on the ground that it had been so revoked. It found that the subsequent will dated September 9, 1922, is the last will and testament of the deceased. That instrument does not profess to be a codicil, and its provisions are adequate to the disposition of the entire estate. There is, therefore, no *a priori* improbability that it was intended to wholly supplant the prior will. There is nothing in the context of the two wills of such compelling force as to require their being construed as one instrument. On the facts found and the record brought here, which consists of little that is material other than the two wills and the formal proceedings in probate, we cannot say, as matter of law, that the judgment of the lower court is incorrect. (*Estate of Marx*, 174 Cal. 762, 764 [L. R. A. 1917F, 234, 164 Pac. 640] ; *Estate of Iburg, supra.*)

[4] The order made by the trial court contains inconsistent directions. It grants the application of Mrs. Danford for letters of administration, which action could rest only on the absence of testamentary disposition of the estate. Further ordering, it admits to probate the document dated September 9, 1922, as the last will and testament of William J. Danford, deceased, appoints Nora D. Danford administratrix with the will annexed, and directs that letters be issued to her upon giving bond. As the decedent left a will, which was established and admitted to probate, the application of Mrs. Danford for letters of administration, first filed, should have been denied. Other points suggested in this case and authorities cited by counsel have been considered in the opinion in the *Estate of Iburg, supra.*

The cause is remanded, with directions to the lower court to deny the petition of Nora D. Danford for letters of administration, first filed, the order appealed from, when so amended, to stand affirmed; respondent to recover costs of appeal.

Richards, J., Shenk, J., Lawlor, J., Lennon, J., Seawell, J., and Myers, C. J., concurred.