[S. F. No. 11379. In Bank.—June 30, 1925.]

In the Matter of the Estate of JOHN IBURG, Deceased. HENRIETTA WOLLESEN, Appellant, v. JOHN CARLSON, Respondent.

[1] WILLS—INCONSISTENT INSTRUMENTS—REVOCATION — PRESERVATION OF PRIOR WILL.—Where there are no words of express revocation in a later will, the court must determine from the language thereof whether it is wholly inconsistent with the terms of an earlier will, in order to determine if the earlier will was in fact revoked by the later will; and if the case be doubtful, the courts incline to preserve the contents of the prior will, wholly or in part, rather than declare a total revocation by inference.

[2] ID.—COMPLETE DISPOSITION BY LATER INSTRUMENT—FAILURE TO NAME EXECUTOR—REVOCATION OF PRIOR WILL.—Where a later will is adequate to the disposition of the entire estate of the deceased, it alone is entitled to admission to probate, notwithstanding an executor is not named therein, as was done in an earlier will, and such earlier will is not expressly revoked.

(1) 40 **Cyc.**, p. 1173, n. 62, p. 1175, n. 68, 70, p. 1414, n. 26, p. 1417, n. 37, p. 1421, n. 65.   (2) 40 **Cyc.**, p. 1175, n. 68, 69.

APPEAL from an order of the Superior Court of the City and County of San Francisco admitting to probate an earlier will and appointing the executor named therein. Frank H. Dunne, Judge. Reversed.

The facts are stated in the opinion of the court.

S. W. Molkenbuhr for Appellant.

Frank W. Hultman and Wm. J. Brennan for Respondent.

WASTE, J.—John Iburg made a will in 1921, leaving all his property to his friend, John Carlson, and appointing him his executor. Thereafter, in 1924, he made a holographic will, leaving all his property to his sister, Henrietta Wollesen. The latter instrument contained no words of revocation and did not appoint an executor. Upon Iburg's death, shortly after making the second will, each of the

1. Inconsistent provisions of subsequent will as revocation of prior will, note, **Ann. Cas.** 1914A, 123. See, also, 28 **R. C. L.** 175.

documents was offered for probate as his last will and testament. Henrietta Wollesen objected to the admission to probate of the will made in 1921 upon the ground that the same had been entirely revoked by the holographic will made in 1924. The court below admitted both documents to probate as the last will and testament of Iburg, and appointed Carlson executor thereof. Henrietta Wollesen appealed from that portion of the order admitting the will of 1921 to probate and appointing John Carlson as executor, and refusing to appoint her administratrix with the will annexed of the will of 1924. Both wills were duly executed, and the only question involved in the controversy is, Did the will executed in 1924 completely and entirely revoke the one made in 1921?

[1] In interpreting a will subject to the law of this state, the rules prescribed by the Civil Code are to be observed, unless an intent to the contrary clearly appears. Several testamentary instruments executed by the same testator are to be taken and construed together as one instrument. All parts of a will are to be construed in relation to each other, and so as to form one consistent whole, if possible; but, where several parts are absolutely irreconcilable, the latter must prevail. (Civ. Code, secs. 1319–1321.) Section 1296 of the Civil Code provides: ''A prior will is not revoked by a subsequent will, unless the latter contains an express revocation, or provisions wholly inconsistent with the terms of the former will; but in other cases the prior will remains effectual so far as consistent with the provisions of the subsequent will.'' There being no words of express revocation in the will of 1924, we must determine from the language of the will whether it is wholly inconsistent with the terms of the will of 1921, in order to ascertain if the earlier will was in fact revoked by the later. If the case be doubtful, the courts incline to preserve the contents of the prior will, wholly or in part, rather than declare a total revocation by inference. The rule is thus stated in 1 Schouler on Wills, sixth edition, paragraph 617: ''Where, for instance, the later will only disposes of a portion of the estate, they avoid the ill consequence of partial intestacy; and where the later paper is styled a codicil, they take this to mean that the intent was to amend and not repeal;

and in either case the former will is treated as no more than *pro tanto* revoked. In other cases, perhaps, the context may justify a similar construction. But if the later will does not profess to be a codicil at all, and disposes moreover of the entire estate inconsistently with the earlier, a court would violate its duty not to hold that the earlier will was wholly revoked, unless the context supplied good reason for supposing that the testator otherwise intended." (See, also, 28 R. C. L., "Wills," sec. 132.)

In *Estate of Marx*, 174 Cal. 762 [L. R. A. 1917F, 234, 164 Pac. 640], this court quoted with approval the rule laid down by Jarman on Wills, that in all cases where a later will is adequate to the disposition of the entire property of the deceased the case "rests on the true construction of the two instruments, and the complete disposition contained in the second must, unless controlled by the context, wholly revoke the first." (1 Jarman on Wills, 6th ed., *p. 138; other authorities to the same effect are Page on Wills, sec. 269; 1 Underhill on Wills, sec. 251; 1 Redfield on Wills, *pp. 362, 365.)

[2] Respondent cites some authorities to support his theory that a prior will which appoints an executor is in that respect not inconsistent with the later will which makes no such provision. He contends that where the prior will disposes of all the property and appoints an executor, and the subsequent will merely disposes of all the property but does not appoint an executor, and contains no words of revocation, there is no inconsistency between the two instruments, so far as the appointment of an executor is concerned, and that, therefore, both wills should be admitted to probate, and the executor named in the earlier will should be appointed. (*Newcomb* v. *Webster*, 113 N. Y. 191 [21 N. E. 77]; Underhill on Wills, sec. 255, pp. 349, 350; *In re Leese's Estate*, [1862] 2 Swab. & T. 442, 164 Eng. Rep. 1068.) The court in *Newcomb* v. *Webster, supra,* was dealing with a will and a codicil, and not with two independent substantive wills. In this connection it should be remembered that a codicil is a re-publication and ratification of so much of a prior will as it does not revoke. In *Simmons* v. *Simmons*, 26 Barb. 68, the court said: "A new will (if it provides for the full disposi-

tion of the testator's estate), though inconsistent but in part with the former will, and absolutely agreeing in part, revokes the whole prior will, by substituting a new and last disposition for the former one." (See *Ludlum* v. *Otis*, 15 Hun, 410, 413.) In the English case, *In re Leese's Estate,* *supra,* the first will disposed of the entire estate, and named executors. A second will made a different disposition of the personal property only, reappointed one of the former executors, and named another. The judge of the prerogative court held that both wills should be admitted to probate, and both sets of executors should be appointed. No appeal was taken. But, in another case, *Henfrey* v. *Henfrey,* reported in 13 Eng. Rep. (full reprint) 211, a testator left two substantive wills, each disposing of his entire property. By the first, he appointed executors, to one of whom he gave the residue of the estate. By the second will, which contained no revocation of the first, he gave the whole of his property to his wife, with the exception of a small legacy, but appointed no executor. Letters of administration with the will last executed were granted to the wife. The prerogative court held, affirming the court below, that the second will operated as a revocation of the first, and was alone entitled to probate. An appeal to the privy council was dismissed, the council holding it to be the rule "that a paper, disposing of the whole property, is a revocation *in toto* of a previous will, also disposing of the whole," and that the doctrine to the contrary "had been exploded so far back that it would be difficult to trace it."

The rule declared by the English privy council finds ample support in the decisions of this country. In *In re Edward Fisher,* 4 Wis. 254 [65 Am. Dec. 309, 312], it was said that a man cannot have two independent wills at the same time, each acting upon the same subject matter and each professing to make a distinct and full disposition thereof. Therefore, the court held that where each of two testamentary instruments is a distinct, substantive will of itself, and one is not in the nature of a supplement or codicil to the other, and the later in time is competent to make, and does in fact make a different and full disposition of the testator's property, it revokes the earlier, and is the will of the deceased. In *Gardner* v. *McNeal,* 117 Md. 27 [Ann. Cas. 1914A, 119,

40 L. R. A. (N. S.) 553, 82 Atl. 988], each will purported
to make full disposition of the entire estate. The court
said the inconsistency was as great as was possible, and
that but one conclusion could be reached, which was that the
former will was revoked by the later document. In *In re
Gensimore's Estate,* 246 Pa. 216 [92 Atl. 134], the testator
made two wills, the first giving his three daughters an equal
share of all the money derived from the estate, and appoint-
ing an executor and directing a sale. The second will made
another disposition of all his personal property and named
no executor. Between the time of the execution of the two
wills, the testator disposed of his real property. The court
held that the testamentary disposition of the land in the
first will having been revoked by the sale, leaving nothing
for the first will to operate on that was not covered by the
second will, the second will was an entire revocation of the
first, including the appointment of the executor. In *In re
Gilman's Estate,* 65 Misc. Rep. 409 [121 N. Y. Supp. 909],
the testator made two wills. In the first he disposed of
his entire estate and named an executor. The second also
provided for the disposition of his estate, but named no
executor. The court held the latter instrument to be incon-
sistent with the former will, and alone entitled to probate.
It said "the fact that the 1894 [the second] will names no
executor has no bearing whatever on its validity." This
court has also held that the naming of an executor is not
essential to the validity of a will. (*Estate of Barton,* 52
Cal. 538, 540.)

Respondent places great emphasis upon the language of
this court in *In re Hickman,* 101 Cal. 609 [36 Pac. 118],
where the court said that the nomination of an executor
without any disposition of one's estate, or giving any other
directions whatever, would constitute a will. But the point
at issue here was not considered in that case. There, the
sole beneficiary under the will died before the testator. On
petition for probate of the will the public administrator
contested the right of the executor named to letters testa-
mentary on the ground that the sole legatee and devisee
under the will had died during the lifetime of the testator,
whereby the devise and legacy lapsed, and the will became
null and void. The court held that this last fact was not

one to be determined as a preliminary question affecting the probate of the will. The fact that the document purported to appoint an executor and provide for the payment of debts was sufficient to stamp it as a will and justified its probate as such. The question of revocation of a substantive will by one of later date was not before the court. We have already referred to and distinguished the question considered in *Newcomb* v. *Webster, supra,* also strongly relied upon by the respondent.

In conclusion, we are of the view that the rule to be applied to the situation in this case is that announced in Jarman on Wills, quoted with approval in *In re Marx, supra.* The lower court was therefore in error in admitting to probate the will made by John Iburg on October 28, 1921, and in appointing John Carlson executor of the will of the decedent. The holographic will of Iburg executed February 4, 1924, leaving his entire estate to appellant was alone entitled to admission to probate. Appellant's petition for letters with that will annexed should have been granted.

The portions of the judgment and order appealed from are reversed and the cause is remanded to the lower court, with directions to proceed in accordance with the views herein expressed.

Richards, J., Lawlor, J., Lennon, J., Seawell, J., Myers, C. J., and Shenk, J., concurred.