[Civ. No. 24802.    First Dist., Div. Three.    Oct. 28, 1968.]

Estate of LILLIE ROBERTSON, Deceased. REVEREND A. MARSHALL LAVERTY et al., Petitioners and Respondents, v. G. A. CUSTER HOMEIER et al., Objectors and Appellants.

Burnett, Burnett, Keough & Cali, John M. Burnett and William J. Keough for Objectors and Appellants.

Bronson, Bronson & McKinnon and Edgar H. Rowe for Petitioners and Respondents.

DRAPER, P. J.—On January 5, 1966, a will of decedent executed in 1965 was admitted to probate. On July 7, 1966,

respondents, surviving niece and nephew of decedent, offered for probate a 1953 will and a 1963 codicil thereto, seeking their admission, jointly with the 1965 document, as decedent's last will. Appellants, the heirs at law of decedent's predeceased spouse, opposed the petition. The 1965 will revokes all previous wills, leaves decedent's furniture and personal effects to a friend, but makes no disposition of the residue. Respondents argued and offered evidence that the revocatory clause of the 1965 will was intended to be effective only if that will disposed of the bulk of the estate to respondents as did the 1953 will. Judgment was for respondents, and this appeal followed.

Appellants urge that respondents' petition amounts to a contest of the 1965 will, and is barred because filed two days after expiration of the 6 months limitation for contest (Prob. Code, §§ 380, 384). But probate of an earlier will is not a contest of a later will already admitted to probate (*Estate of Marx* (1917) 174 Cal. 762 [164 P. 640, L.R.A. 1917 F 234]). A petition for probate of a later will, offered after the year period then allowed for contest (Code Civ. Proc., §§ 1327, 1333) is not a contest and is not barred by the limitation of time for contest (*Estate of Moore* (1919) 180 Cal. 570 [182 P. 285]). Appellants point to the absence of later cases on the point as weakening the authority of *Moore*. But this lack is readily explained. The Probate Code, adopted in 1931, specifically provides (§ 385) that "[f]ailure to contest a will does not preclude the subsequent probate of another will of the decedent." The draftsman of that code made clear that the section codifies the rule of *Moore* (Evans, *Comments on the Probate Code of California* (1931) 19 Cal. L. Rev. 602, 607). The petition for probate of the 1953 will and 1963 codicil is not barred because filed after expiration of the six months period for contest.

Of course, the earlier will and codicil could have no testamentary effect if they had in fact been revoked by the 1965 will. Respondents relied upon the doctrine of dependent relative revocation, i.e., they argued that the revocatory clause of the 1965 will was intended by the testatrix to be effective only if the later will made the same disposition of the bulk of her estate as did that of 1953 (*Estate of Kaufman*, 25 Cal.2d 854 [155 P.2d 831]; *Estate of Cuneo*, 60 Cal.2d 196 [32 Cal. Rptr. 409, 384 P.2d 1, 7 A.L.R.3d 1132]). Appellants' argument is, in essence, an attack upon the sufficiency of the evidence to support the findings.

But the evidence is ample. The 1953 will left the entire estate to respondents in equal shares. The 1963 codicil listed the new residence of one respondent, recited the death of the executor named in the 1953 will and named a replacement, but made no change in disposition. The 1965 will bequeathed decedent's furniture and personal effects to a friend, but carefully provided that "the term 'personal effects'" does not include cash, securities or like assets, "all of which shall constitute a portion of the residue of my estate." It directed payment of estate and inheritance taxes "out of the aforementioned residue" and directed that the residue "be liquidated and converted into cash." Yet no provision for disposition of the residue is made. Significantly, the will recited the relationship of respondents, and said "I have other relatives to whom I purposely leave nothing." Thus the will contains within itself strong indication of decedent's intent to dispose of her entire estate.

The extrinsic evidence is similarly strong. The attorney who drew the 1965 will testified that testatrix told him she wished to change the executrix named in the codicil, but otherwise to retain the same will. He suggested that it would be awkward to ship her furniture and clothing to Canada, where respondents live, that their sale would produce but little, and that she might wish to leave it to someone nearby. She agreed and named the legatee of these articles. He drafted the will in longhand, naming respondents to receive the residue of the estate, but his secretary omitted this paragraph from the typed will. He did not review it before taking it to testatrix in the convalescent home where she was. Testatrix was 83 years old, and suffered greatly impaired vision. He attempted to read the will to her, but was frequently interrupted, principally by nurses attending the other occupant of the two-bed ward. He summarized the will as leaving the furniture to the friend and naming her as executrix, but leaving everything else to respondents. She agreed and executed the will.

Upon all the evidence, the conclusion is inescapable that testatrix intended to revoke her earlier will only if the new one left all of real value in her estate to respondents. Particularly impressive is the recital of the 1965 will naming respondents as her nephew and niece, and stating that "I have other relatives to whom I purposely leave nothing."

Courts are enjoined to give effect to every expression of a will and to avoid an interpretation which will lead to intestacy (Prob. Code, § 102). Here, all property left by decedent

had been community property of herself and of her predeceased husband. Thus if any part of her estate passes by intestate succession, appellants will share in it as heirs of the husband (Prob. Code, § 228). Appellants' construction not only would result in intestacy as to the great bulk of the estate under the law of succession, but would distribute half of it to the "other relatives" to whom her 1965 will said "I purposely leave nothing," thus violating both injunctions of section 102.

We are well aware that it is not our function to draw a new will for the testatrix. Yet the overwhelming evidence here assures against that danger, and clearly brings the case within the established rule of dependent relative revocation (*Estate of Kaufman, supra,* 25 Cal.2d 854; *Estate of Cuneo, supra,* 60 Cal.2d 196).

Appellants argue that the testimony of the attorney who drew the will was erroneously admitted. Yet *Kaufman* and *Cuneo* relied upon comparable testimony.

Judgment affirmed.

Salsman, J., and Brown (H. C.), J., concurred.

On November 26, 1968, the opinion was modified to read as printed above.