### In the Matter of the ESTATE of Richard A. MARCH, Deceased.

### No. 12968.

Supreme Court of South Dakota.

Argued May 28, 1980.

Decided Aug. 6, 1980.

George A. Bangs and Joseph M. Butler of Bangs, McCullen, Butler, Foye & Simmons, Rapid City, for appellant Roland March.

Curtis D. Ireland, Rapid City, for appellees Margaret March, R. Duane March, Mrs. Doris Hayutin and Mrs. Annette Green.

WOLLMAN, Chief Justice.

Petitioners appeal from the order admitting a will to probate. We affirm.

On June 19, 1974, decedent caused to be made according to proper statutory formalities a valid will distributing his estate to his son Roland March, appellant herein, and others. Subsequently, decedent validly executed a second will, apparently because decedent believed that his first will was unfair to appellant.

Sometime after the making of the second will, decedent received information regarding appellant that disturbed him. Thereafter, decedent destroyed the second will by tearing it into pieces, which were later burned. Decedent stated to a neighbor that it was then his intent to go "back to the first will."

Appellant argues that under SDCL 29–3–2 the second will revoked the prior will. That statute reads:

A prior will is not revoked by a subsequent will unless the latter contains an express revocation, or provisions wholly inconsistent with the terms of the former will; but in other cases the prior will remains effectual so far as consistent with the provisions of the subsequent will.

The circuit court held that the evidence was insufficient to establish that decedent's second will had expressly revoked the first. Further, the court found insufficient evidence to establish that the terms of the second will were wholly inconsistent with the terms of the first will. We agree.

■ Revocation of a will must be established by clear and convincing proof, the burden being upon the party seeking revocation. *In re Sloan-Rutledge's Will*, 210 Iowa 1256, 232 N.W. 674, 676 (1930). The evidence established by the record in the instant case does not rise to that level. The testimony concerning the existence of a revocation clause in the second will is uncertain at best:

Q. Was there anything said about prior wills?

A. Well, it seems to me that he said that he barred other wills, is the way it kind of started out, but now I'm not sure.

■ Findings of fact are not to be set aside on appeal unless they are found to be clearly erroneous. SDCL 15–6–52(a); *In re Estate of Hobelsberger*, 85 S.D. 282, 181 N.W.2d 455 (1970). We hold that the circuit court did not err in finding that the second will did not expressly revoke the first.

We next consider whether the trial court erred in concluding that the evidence was insufficient to establish that the provisions of the second will were wholly inconsistent with the terms of the first will.

The term "wholly" has been defined to mean substantially the same thing as "totally." *Chicago & Calumet Dist. Transit Co. v. Mueller*, 213 Ind. 530, 12 N.E.2d 247, 249 (Ind.1938); *Prudential Ins. Co. of America v. Johnson*, 265 Ky. 767, 97 S.W.2d 793, 795 (1936); 94 C.J.S. Wholly p. 615.

Mere proof of the execution of a subsequent will without proof of its contents to show inconsistency with a former will is not adequate to establish revocation of the former will by implication. "It does not follow from the fact of a new will that full and entire revocation was intended. . . . Hence a complete revocation by implication will not result unless the general tenor of the later will shows clearly that the estator so intended . . . ." *Williams v. Miles*, 68 Neb. 463, 94 N.W. 705, 710 (1903).

In applying a statute similar to SDCL 29–3–2, the Supreme Court of California wrote:

> It does not necessarily follow from the fact of the new will that full and entire revocation was intended. The purpose may have been to make supplemental provisions, consistent with the former will in whole or in part, to dispose of other property, or to amend and alter the prior dispositions only. Hence a complete revocation by implication will not follow unless the general tenor of the later will shows clearly that the testator so intended, or the two instruments are so plainly inconsistent as to be incapable of standing together.

*In re Danford's Estate*, 196 Cal. 339, 238 P. 76, 77 (1925).

The trial court found that the evidence was conflicting on the question whether the second will disposed of decedent's property in the same manner as did this first will. True, decedent's destruction of the second will constituted some evidence that its provisions were not identical to those in the first will, but the act hardly established the total inconsistency between the two wills that the statute requires as a prerequisite to a finding of revocation by implication. Likewise, the testimony to the effect that appellant was appointed executor of decedent's estate by the second will does not establish that the two wills were otherwise wholly inconsistent with each other. "The appointment or nonappointment of a new executor in a second will has little bearing on the question of revocation by implication of an earlier will." *In re Venable's Will*, 127 N.C. 344, 37 S.E. 465, 466 (1900); 79 Am.Jur.2d *Wills* § 526, p. 645. Accordingly, we conclude that the trial court did not err in holding that the evidence was insufficient to establish an implied revocation of decedent's first will.

Having determined that the first will was not revoked by the second will, we find it unnecessary to discuss the question of the revival of the first will by the destruction of the second.

The order appealed from is affirmed.

All the Justices concur.