[L. A. No. 3121. Department Two.—September 24, 1912.]

In the Matter of the Estate of JOHN CROSS, Deceased.

MUTUAL WILL—BEQUEST TO SURVIVOR IN EVENT OF SURVIVAL FOR STATED PERIOD—VESTING OF ESTATE—DIVESTITURE UPON HAPPENING OF CONTINGENCY.—A provision in a mutual will, that in the event of the death of either of the testators, if the survivor shall continue living for the period of thirty days thereafter, the whole estate of the deceased testator should go to the survivor, is not invalid, as suspending the vesting of the estate for that period. Under such will, the title to the estate vested in the heirs, devisees, or legatees, subject to divestiture if the survivor continued to live for more than thirty days after the death of the deceased.

ID.—EFFECT OF SUBSEQUENT WILL OR CODICIL.—A prior will is not revoked by a subsequent will or a subsequent codicil thereto, unless the latter contains words of express revocation, or provisions wholly inconsistent with the terms of the former. In all other cases the prior will remains effectual so far as consistent with the provisions of the subsequent will or codicil.

ID.—TESTAMENTARY INSTRUMENTS TO BE CONSTRUED AS ONE.—All instruments testamentary in character, executed by the same testator, are to be construed as one instrument, and all parts thereof are to be construed in relation to each other, so as to form, if possible, a consistent whole.

ID.—SUBSTITUTIONAL LEGACIES GIVEN BY CODICIL.—The execution of a codicil, referring to a previous will, has the effect to republish the will, as modified by the codicil, and additional or substitutional legacies given by a codicil are attended by the same incidents and conditions as were the legacies given originally by the will.

ID.—SUBSTITUTIONAL PROVISION FOR APPOINTMENT OF EXECUTORS.—Where a will appoints the testator's wife as the executrix thereof, in the event she survives him for a certain length of time, and, in the

contrary event, appoints two other persons as executors, a codicil thereto declaring that such two persons and another "are hereby appointed executors of the original will and of this codicil," should be construed as substitutionary for the provision appointing such persons as executors, and entitles them to act as such only in the event the wife fails to survive the testator for the time stated.

APPEAL from an order of the Superior Court of Los Angeles County granting letters testamentary. James C. Rives, Judge.

The facts are stated in the opinion of the court.

H. M. Barstow, and C. W. Cross, for Appellant.

Edwin A. Meserve, and Paul H. McPherrin, for Respondents.

HENSHAW, J.—John Cross and Laura L. Cross, his wife, had been married for forty-five years. They were childless and owned property of considerable value. In May, 1898, they executed their joint and mutual wills. By paragraph I of those wills it was provided:

"In the event of the death of either one of the testators herein, if the survivor shall continue living for the period of thirty days thereafter, then and in that event the following terms of this instrument shall prevail, that is to say:

"1. The whole estate of the deceased testator and of the community shall pass to the surviving husband or wife; and for that purpose and in that event above described, each testator herein does hereby give, bequeath and devise to the other so surviving, all of said property and estate.

"2. That said surviving husband or wife is hereby appointed executor or executrix of this will as the will of the testator first dying as aforesaid, to serve without bonds, such executor or executrix to have full power to sell and convey and to manage said estate and all property thereof, without any order of court thereafter."

By paragraph II it was provided:

"In the event that the deaths of the testators herein shall occur so that the one shall not survive the other for the full period of thirty days, then and in that event, and not otherwise, the following dispositions of this will shall have force

and effect; and then and in that event, and not otherwise, we give, bequeath, and devise the said property and estate as follows; that is to say:''

Specific legacies were then made to named legatees. It was declared that the value of their property was estimated at fifty thousand dollars; and provision was made for the ratable increase or decrease of these legacies in the event that the estate should prove to be of greater or less value than was estimated. It was further provided:

''7: In the like event first described in this division II of this will, the said Albert P. Cross and Charles R. Diver (they having formerly been named as legatees) are hereby appointed as executors of this will.''

Subsequently, in March, 1909, John and Laura L. Cross, in like manner, executed a joint and mutual codicil to their last will, which codicil increased legacies given by the original will to certain legatees, revoked another legacy because of the legatee's death, and provided in paragraph 6 as follows:

''Albert P. Cross and Charles R. Diver mentioned in the original will, and J. E. Loomis of Los Angeles, California, are hereby appointed executors of the original will and of this codicil, and power is given to any two of them to act at any time, and the act of any two to have the same force and effect as if all three had acted.''

John Cross died and Laura, his wife, surviving him for more than thirty days, made application for the probate of the will and codicil, and for issuance to herself as executrix of letters testamentary. Opposition was made by Albert P. Cross, Charles R. Diver, and J. E. Loomis, with a petition that letters testamentary be issued to them as executors. The court admitted the will and its codicil to probate and granted letters testamentary to Cross, Loomis, and Diver. From the order issuing letters testamentary the widow appeals.

Thus the single question directly involved is the correctness or incorrectness of the court's decision that Cross, Loomis, and Diver were entitled to execute the will against the claims of the widow to letters testamentary. The court's ruling seems to have been based on the argument advanced by respondent that the first part of the will above quoted was invalid because to sustain it would ''suspend the vesting of his whole estate entirely for a period of thirty days after his death,

leaving the title to all his property in abeyance and nowhere and preventing its vesting anywhere for a period of thirty days.'' This quotation is from respondents' brief. But the answer to this is that it is not humanly possible for a testator to do any such thing. The law itself intervenes and provides for the vesting of title. There was no failure to vest during the period of thirty days fixed by the will as the duration of the survivor's life before the terms of the will took effect. The rules and laws of inheritance and succession interposed wherever the will was silent, with the result that title vested in the heirs, devisees, or legatees subject to divestiture if either spouse should survive the other for more than thirty days. The order, therefore, cannot be justified upon the argument that clause 1 of the testator's will is null and void.

There remains then for consideration only the effect of the codicil and its nomination of executors upon the original will. To this the briefest reference to certain provisions of the code embodying the fundamental rules of construction of wills and codicil thereto may be made. A prior will is not revoked by a subsequent will or a subsequent codicil thereto, unless the latter contains words of express revocation, or provisions wholly inconsistent with the terms of the former. In all other cases the prior will remains effectual so far as consistent with the provisions of the subsequent will or codicil. (Civ. Code, sec. 1296.) All instruments testamentary in character, executed by the same testator, are to be construed as one instrument. (Civ. Code, sec. 1320.) All parts of a will are to be construed in relation to each other, so as to form, if possible, a consistent whole. (Civ. Code, sec. 1321.) The execution of a codicil, referring to a previous will, has the effect to republish the will, as modified by the codicil. (Civ. Code, sec. 1287.) (*Estate of Ladd,* 94 Cal. 670, [30 Pac. 99] ; *Estate of Plumel,* 151 Cal. 80, [121 Am. St. Rep. 100, 90 Pac. 192].) Growing out of these principles it has become well established that additional or substitutional legacies given by a codicil are held to be attended by the same incidents and conditions as were the legacies given originally by the will. (1 Jarman on Wills, p. 149.)

With these principles of construction before us, this appeal presents no difficulty. To construe the language of the codicil as being substituted language for paragraph II of the

will, makes of the will and codicil a harmonious whole. To say that the codicil meant to strike down paragraph I of the will is to do violence to these rules of construction and to find a revocation where a revocation is not expressed, and where the construction of the instruments does not call for it. Subdivision 6 of the codicil in nominating Cross, Diver, and Loomis as executors of the original will under this codicil is clearly but a substituted clause for subdivision 7, paragraph II of the will where Cross and Diver alone are named. Thus, Cross, Diver, and Loomis would be entitled to letters testamentary only upon the failure of the plan and scheme set forth in paragraph I of the will. This scheme has not failed. The wife has survived her husband for the named period and by the terms of the will is entitled to letters.

The order appealed from is therefore reversed.

Melvin, J., and Lorigan, J., concurred.