[S. F. No. 15250.   In Bank.—November 12, 1935.]

In the Matter of the Estate of EMILIE D. SCHNOOR, Deceased. MARGARET VOLKMANN et al., Appellants, v. EVELYN H. VINSON et al., Respondents.

Paul A. Lindley and Geo. D. Collins, Jr., for Appellants.

Earl Warren, District Attorney, N. H. Miller, Deputy District Attorney, and Fitzgerald, Abbott & Beardsley for Respondents.

CONREY, J.—On the 16th day of December, 1930, the decedent Emilie D. Schnoor, executed a holographic will wherein she gave and bequeathed to Evelyn H. Vinson "all my real and personal property".   On the 20th day of October, 1932,

she executed a second holographic testamentary document, which we may call the second will, and which contained several bequests of personal property and gave the residue again to Mrs. Vinson. The estate included property in addition to that disposed of by the specific gifts made in the second will. The second will did not contain any express revocation of the first will. Shortly after October 20, 1932, the testatrix destroyed said second will.

After the death of the testatrix the first will was offered for probate, and contests were instituted by a sister and by the brother of decedent. After trial the court made an order admitting to probate said will of December 16, 1930, and an order granting to the public administrator letters of administration with the will annexed. From these orders the contestants have prosecuted this appeal.

█ It is an admitted fact that the second document was destroyed with intent to revoke the same. Appellants contend that both wills were revoked and that the decedent died intestate. If the terms of the second will were such that it constituted a revocation of the first will, necessarily we would conclude that the revocation of the second will did not revive the first. Second 75 of the Probate Code reads as follows: ''If, after making a will, the testator makes a second will, the destruction or other revocation of the second will does not revive the first will, unless it appears by the terms of such revocation that it was the intention to revive and give effect to the first will, or unless, after such destruction or other revocation, the first will is duly republished.'' We have no evidence of an intention to revive the first will, if, in fact, it had been revoked. The real question is: Did the execution of the second will itself constitute a revocation of the first?

Section 72 of the Probate Code reads as follows: ''A prior will is not revoked by a subsequent will, unless the latter contains an express revocation, or provisions wholly inconsistent with the terms of the prior will. In other cases the prior will remains effectual so far as consistent with the provisions of the subsequent will; but the mere naming of an executor in the prior will need not be given effect by the court when the subsequent will is otherwise wholly inconsistent with the terms of the prior will, the intention of the testator in this respect being left to the determination of the court.'' Since there was no express revocation, we have only to determine whether or

not the provisions of the second instrument were "wholly inconsistent with the terms of the prior will". It is obvious that two instruments are not "wholly inconsistent" merely because in some particulars they differ one from the other. In such case they are, as to those particulars, and thus far only, inconsistent. Although not wholly consistent, yet they are not "wholly inconsistent". "Several testamentary instruments executed by the same testator are to be taken and construed together as one instrument. A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible." (Sec. 101, Probate Code.)

It appears to be the fact, and is so conceded by appellants, that the second will has been rightly construed as one which gave to Mrs. Vinson the residue of the estate, after discharge of the specific legacies provided for in that instrument. In other words, the second will gave to Mrs. Vinson exactly what she would have received if the new provisions had been drafted in the form of a codicil to the first will. Therefore, we think that the second instrument was in effect a codicil and that its execution did not revoke the first will. It is our opinion that if the second will had not been destroyed, it would have operated as a codicil to the first. (Probate Code, secs. 72, 101, 102, 103.)

We have not reached the foregoing conclusions without attention to the decisions relied upon by appellants to sustain their contention that because the second will purported to dispose of the whole estate its execution revoked the first. In *Estate of Danford,* 196 Cal. 339 [238 Pac. 76], the controversy was between Mrs. Danford, the widow of decedent, and one Caroline Mason. There was a first will, and a later will which did not contain any terms of direct revocation of the first. The trial court found in favor of the second will, exclusive of the first. On appeal by Mrs. Mason, this court held that "we cannot say, as matter of law, that the judgment of the lower court is incorrect". The widow, Mrs. Danford, was not mentioned in either one of the wills, but her right to appointment as administratrix with the will annexed was confirmed by the decision. The gifts to Mrs. Mason were, by the first will, one-half of decedent's estate, with appointment of Mrs. Mason as executrix; and by the second will, all the remainder of the estate after satisfaction of substantial gifts of money. No

executor was appointed by the second will. Upon consideration of the contents of the two instruments, this court determined that there was "nothing in the context of the two wills of such compelling force as to require their being construed as one instrument".

In *Estate of Iburg,* 196 Cal. 333 [238 Pac. 74], there was a first will, wherein the testator gave all his property to his friend, John Carlson, naming him as executor. By a later will the testator left all his property to his sister. The latter instrument contained no words of revocation, and did not appoint an executor. This court held that the second will revoked the first and was wholly inconsistent therewith, notwithstanding the fact that the first appointed an executor and in that respect the second will was silent.

The two decisions last mentioned contain very full statements of the law pertaining to the matter before us, and fairly illustrate the questions arising in the present case. Between this and the Iburg case the contrast is obvious. The differences between the Danford case and the case at bar are less distinct, being differences in degrees of emphasis which may be placed upon the facts. The principles of law which should control the decision are too well established to require further discussion. In their application to the facts of this case, which have been stated, they justify the decision of the lower court.

The orders are affirmed.

Curtis, J., Waste, C. J., Shenk, J., Seawell, J., and Langdon, J., concurred.

Rehearing denied.