[Civ. No. 12545.   First Dist., Div. One.   Dec. 3, 1943.]

Estate of MARY ANN MUNFREY, Deceased.  DONALD PERRY SWAN, a Minor, etc., et al., Appellants, v. CHARLES LESLIE SWAN, as Executor, etc., et al., Respondents.

566

G. V. Weikert for Appellants.

Vernon F. Gant for Respondents.

DOOLING, J. pro tem.—Mary Ann Munfrey died on April 12, 1942. On May 4, 1942, the court admitted to probate as the last will of decedent a document dated March 9, 1939. On October 13, 1942, appellants filed a petition attacking the validity of this will on the grounds of want of testamentary capacity and undue influence and praying that its probate be revoked, pursuant to section 380, Probate Code. To this petition respondents interposed a general and special demurrer which the court sustained on January 20, 1943, without leave to amend. From the judgment for respondents which followed, this appeal is taken.

Appellants are grandchildren of decedent, and their father, decedent's son, is living. They are, therefore, not heirs of decedent. To show the necessary interest to contest the will which had been admitted to probate their petition alleged:

"That said decedent made substantial provision for each of said petitioners, as devisees and legatees, in her last will and testament, which was duly executed by her in the man-

ner and form required by law for the execution of a will; that the exact date of the execution of said last will and testament is unknown to said petitioners, but the same was executed prior to the alleged execution of said instrument and purported will bearing date the 9th day of March, 1939, and was in existence at the time of said decedent's death.''

The alleged last will referred to in this allegation was not offered for probate by the contestants. Indeed the allegation that the exact date of its execution is unknown to them implies that it was not in their possession.

■ The primary point relied upon by respondents for an affirmance is that the contestants may not rely upon an earlier will under which they are beneficiaries to establish their interest to contest a later will, without producing the earlier will and offering it for probate. The Probate Code makes no such provision in express terms, providing only that ·''any interested person'' may contest a will (§§ 370 and 380, Prob. Code), and it is settled that a beneficiary under an earlier will which would be entitled to probate if the contested will is declared invalid is an interested person within the meaning of these sections. (26 Cal.Jur. 1082.)

■ The point was squarely ruled against respondents' position in *Estate of Phillips*, 202 Cal. 490 at page 498 [261 P. 709], where the Supreme Court, speaking through Mr. Justice Shenk, said:

''The will of 1914 was not produced and no attempt was made to establish it as a lost or destroyed will. The written opposition, however, alleged the interest of the contestant as a beneficiary of a substantial portion of the estate under the will of 1914. . . . There was no denial of the allegation of the written opposition that the contestant was a beneficiary under that will. The interest of the contestant must therefore be deemed to have been admitted by proponent by her failure to deny the allegation of interest and the finding of the court to the effect that the contestant lacked sufficient interest to contest the will of 1922 is without support in the evidence.''

While not so closely in point, *Ruth* v. *Krone*, 10 Cal.App. 770 at pp. 781-2 [103 P. 960] suggests the same rule.

Respondents rely on certain language in *Estate of Visaxis*, 95 Cal.App. 617 [273 P. 165], found at page 620, wherein the court calls attention to the fact that in *Estate of Langley*, 140 Cal. 126 [73 P. 824], the earlier will had been offered for

probate and that in the Visaxis case itself the earlier will was offered and admitted to probate by the same judgment that sustained the contest and revoked the probate of the later will. From this, respondents argue that the earlier will must be offered for probate as a part of the contest. It was not so held in either the Visaxis or the Langley case, nor in any other case cited by respondents. Indeed the question was not even presented to the court in either of those cases. *Estate of Langley, supra,* seems against, rather than in favor of respondents on this point, for the court held in that case that it was sufficient for the contestants to "make a *prima facie* case of the right of respondents to appear as contestants herein." (140 Cal. at pp. 130-131.)

The matter having been directly involved and decided in *Estate of Phillips, supra,* we are content to hold in accordance with that opinion that the will relied upon by the contestants to establish their interest need not be produced by them and offered for probate as a condition to their right to contest the validity of the later will. It seems hardly necessary to point out that the demurrer admits all of the allegations of the petition and in this respect the case before us is on all fours with *Estate of Phillips, supra,* wherein the allegations showing interest under the earlier will were admitted by the failure to deny them in the answer. The rule adopted in the Phillips case is designed to do justice, since any other rule would defeat the rights of the beneficiaries under an earlier will in every case where the will was secreted or wrongfully withheld from them. ■ Of course, upon a trial, the contestants would have to produce evidence satisfactory to the probate judge of the existence, terms and validity of the earlier will and their interest thereunder, if the allegations of their petition concerning the earlier will were denied. (*Estate of Wickersham,* 153 Cal. 603, 612 [96 P. 311]; *Estate of Land,* 166 Cal. 538, 540 [137 P. 246].) But on such trial they would have the benefit of the process of the court to summon all necessary witnesses and to compel the production of the earlier will if it was still in existence, and they would have the further right to examine the respondents under section 2055, Code of Civil Procedure. It is, therefore, readily possible that the contestants could prove their interest under an earlier will upon the trial of the contest although it would be impossible for them to produce the

earlier will and offer it for probate at the time their contest was filed.

■ The petition herein is not in every respect a model of pleading. It was attacked by special demurrer for uncertainty in various particulars and we are not prepared to hold that the trial court erred in sustaining the demurrer on some of these grounds. We need only point out in this connection the allegation that decedent made "substantial provision" for contestants in the earlier will, which is in the nature of a conclusion of the pleader rather than an allegation of fact, and to which a specification of uncertainty was directed. The demurrer, however, was sustained without leave to amend and in this respect the trial court erred. The rule formerly prevailing that the denial of leave to amend could only be attacked on appeal where leave to amend was specifically requested has been changed both by code amendment and judicial decision. (§ 472c, Code Civ. Proc.; *Wennerholm* v. *Stanford Univ. Sch. of Med.*, 20 Cal.2d 713 [128 P.2d 522, 141 A.L.R. 1358].) ■ It is true that at the time the demurrer was sustained the six months' period within which a contest after probate could be commenced had expired, but a petition contesting the validity of a will may be amended after the time for filing a contest has elapsed so long as no new ground of contest is stated by the amendment. (*Estate of Russell,* 189 Cal. 759, 774-5 [210 P. 249]; *In re Wilson,* 117 Cal. 262, 268 [49 P. 172, 711].)

The judgment appealed from is reversed with directions to the trial court to grant contestants a reasonable time to amend their petition.

Peters, P. J., and Ward, J., concurred.

A petition for a rehearing was denied December 31, 1943, and the following opinion was thereupon rendered:

THE COURT.—It is suggested in the petition for rehearing that in any case where an earlier will is secreted or withheld the provisions of Probate Code, section 321, would afford ample legal means to the beneficiaries thereunder to compel its production, but Probate Code, section 321, could in any event only afford relief to a party who knows *the person* "who has possession of a will." Cases can readily be envisaged in

which a contestant would know that he was a beneficiary under an earlier will which was in existence at the testator's death, without knowing what had become of it thereafter. The right to contest the later will should not be denied to a beneficiary under an earlier will because he is unable physically to produce the earlier will on which he relies at the time of filing his contest. We agree with the suggestion in the petition for rehearing that the contestants should by their pleading either make specific allegations concerning the terms of the earlier will and the manner and time of its execution or plead facts justifying their failure to do so. But here the sustaining of the demurrer without leave to amend has deprived the contestants of the opportunity to amend their pleading in this as in every other particular.

The petition for rehearing is denied.