[Civ. No. 3829. Fourth Dist. Nov. 5, 1948.]

Estate of IRENE SULLIVAN HOLMES, Deceased. ENID JUNE RIEBEL, as Guardian, etc., et al., Appellants.

C. E. Crowley for Appellants.

MUSSELL, J.—This is an appeal from a judgment and order denying petition for the probate of a will.

The decedent, Irene Sullivan Holmes, died on or about September 21, 1947. On March 3d of that year she executed an holographic will consisting of two separate documents, each of which was signed by her. The estate was divided, one-third to the eldest daughter, one of the petitioners; the sum of $1.00 each to two daughters Janet Lucile Holmes and Elizabeth Anne Holmes; one-third to another daughter Jean Irene Holmes, and one-third to a son.

Sometime in the latter part of March, 1947, decedent went to a hospital for an operation and while there told petitioner that she had made a will in her own handwriting and also told her where it could be found. She also stated that after recovery from the operation she intended to see her attorney, Mr. Crowley, to find out if the will was correctly written. Mr. Crowley testified that sometime in the summer, after March 3d, the decedent came to his office and informed him that she had written out a will and wanted him to look it over to see if it was in proper form, and if not, he was to draw it over again; that decedent did not come back to his office and did not show him the will.

At the time of the first operation, petitioner came from her home in Fresno and took care of decedent at her home in Ontario. In August, decedent went to visit petitioner in Fresno and stayed there three days. She then returned to her home where she remained until six days before her death when she was again taken to a hospital by petitioner who had been taking care of her for two days. Before decedent left home for the second operation, petitioner asked her if she had seen Mr. Crowley regarding the writing of her will, to which decedent replied that she had not but that she had written it and that ''The will is in my drawer.''

On the date decedent died petitioner found the will in a chest of drawers in which decedent kept her clothes, purses and personal things in the bedroom of her home. The will when found was in an envelope bearing the names of petitioner and her husband and was torn into several pieces. The envelope was not tightly sealed and had apparently been opened. The drawer in which the will was found was never locked, the room was open and there were several other people living in the house, including the daughter Janet and a

boarder who was a friend of the family. The decedent did not say anything to petitioner about the will having been torn and the two sisters who were left out of the will knew that it had been written and were present when it was found. The will, although torn, was all within the envelope and no parts were missing. It was put together by petitioner and her sister Elizabeth and was offered for probate by petitioner, Enid June Riebel, named therein as "guardian" of the estate, and her husband. No contest was filed and no testimony was offered except on behalf of petitioners as herein set forth.

The court found that the two instruments offered as the last will and testament of the deceased were each of them dated, all written and signed by Irene Sullivan Holmes in her own handwriting, "and that instrument, at the time of the execution thereof, was the legal holographic will of the deceased and that if said instrument had not been destroyed that the same would have constituted the Last Will and Testament of said deceased"; that subsequent to March 3d, 1947, "and at a date unknown to the court and not established by the evidence the same Irene Sullivan Holmes tore up and destroyed each of said instruments with intent to revoke the same, and the same were by her thereby revoked, and that said deceased died intestate." The petition to probate was denied and this appeal was taken. There was no contest in the trial court, and no appearance has been made here in support of the order made.

The sole question here is whether or not there was any substantial evidence upon which the court could find that the will was destroyed by decedent with intent to revoke it.

Section 74 of the Probate Code provides in part as follows:

"Except as hereinabove provided, no written will, nor any part thereof, can be revoked or altered otherwise than: . . .

"(2) By being burnt, torn, cancelled, defaced, obliterated or destroyed, with the intent and for the purpose of revoking the same, by the testator himself, or by some person in his presence and by his direction. If such act is done by any other person than the testator, the direction of the testator, and the fact of such injury or destruction, must be proved by two witnesses."

In order to establish a revocation of the will it was necessary that there be proof that the will was destroyed by the decedent and not by another and that there was an accompanying intention to revoke the instrument. (26 Cal.Jur. 801.) When a will is found immediately upon the

death of the testator, among his private papers, or in his depository, and in a mutilated condition, having been continuously in the testator's possession until his death, the presumption (inference) is that it was mutilated by the testator himself *animo revocandi*. (*Estate of Hewitt*, 63 Cal. App. 440, 447 [218 P. 778].)

But where, as here, the will was not shown to have been continuously in the possession of the testatrix we do not think the presumption is applicable. The decedent, upon her departure to the hospital six days before her death, informed her eldest daughter that her will was in a drawer. During those six days and for several months prior thereto, it was in a place accessible to several persons, some of whom knew that the will had been written. There is nothing in the record to indicate that the decedent intended to destroy her will or knew that it had been torn.

In *Estate of Bristol*, 23 Cal.2d 221, 224 [143 P.2d 689], the court in discussing the presumption in connection with the probate of a will which could not be found, held that the proponent of the will was entitled to a favorable decree when he presents evidence showing that it is equally probable (1) that the will was destroyed by another person than the decedent, or (2) that the act was not done with an intention to revoke the instrument. In the instant case the remarks of deceased to her eldest daughter are entirely inconsistent with the theory that the will had been destroyed by the testatrix.

While it is true that when a judgment is attacked as being unsupported, the only question before the appellate court is whether there is any substantial evidence, contradicted or uncontradicted, which will support the judgment, and when two or more inferences can reasonably be deduced from the facts, the reviewing court is without power to substitute its deductions for those of the trial court (*Estate of Bristol, supra*), there is an entire lack of evidence to support the finding of the trial court, other than an inference, which, under the circumstances here shown is inapplicable. A short time after the execution of the will the testatrix expressed an intention to visit her lawyer "to see if she had written it all right," and on her visit to him she stated that she had written out a will and wanted him to look it over to see if it was in proper form and if not she was going to have him redraw it. These expressions do not support a rea-

sonable inference that the will was destroyed or revoked by the testatrix.

No contest, as provided in sections 370-374, inclusive, of the Probate Code, was filed in the instant case, and the due execution of the will having been established the burden of proof would be on the contestant if a contest were filed. (*Estate of Latour,* 140 Cal. 414 [73 P. 1070, 74 P. 441] ; 26 Cal.Jur. 756.) The policy of the law is in favor of testacy rather than intestacy, and as was said in *Estate of Janes,* 18 Cal.2d 512, 515 [116 P.2d 438] : "When a man of sound mind and memory, by his own hand and signature, has plainly made a disposition of his property, the courts should carry out his intention if it can be done without violating the mandate of the law." (*Estate of Fay,* 145 Cal. 82 [78 P. 340, 104 Am.St.Rep. 17].) The court in the Janes case, *supra,* held that where the will was missing and a duplicate was found in decedent's possession, that all the facts bearing upon the possibility of revocation must be considered in determining whether a presumption arises, not solely the circumstance that one of the duplicates could not be found. The circumstances there shown prevented any presumption of revocation from arising.

The provisions of the Probate Code relative to the revocation of wills are specific and revocation can be made only in the manner and by the means prescribed therein. Destruction, without intention to revoke, or by accident, is not a prescribed method of revocation. Under the code, therefore, such destruction does not operate to revoke a will. (*Estate of Patterson,* 155 Cal. 626, 635 [102 P. 941, 132 Am.St.Rep. 116, 18 Ann.Cas. 625, 26 L.R.A. N.S. 654].)

It does not seem probable, under the circumstances disclosed by the record, that the testatrix, having written the documents in question and having placed them in a sealed envelope, would, or did, open the envelope, tear the will, place all the pieces back in the envelope, and reseal it. Such acts are not consistent with her statements that she had written the will and that it could be found in her drawer. There is no evidence that the testatrix saw the will at any time after it was written by her and placed in the drawer, and no substantial evidence that she destroyed or revoked it.

Judgment and order reversed.

Barnard, P. J., and Griffin, J., concurred.