[Civ. No. 17951.   Second Dist., Div. Three.   Oct. 31, 1950.]

Estate of JAMES T. WALLACE, Deceased.   EULA GREENE WALLACE et al., Respondents, v. LOTTIE C. HEATH et al., Appellants.

Andrew J. Copp, Jr., H. Dexter McKay, and Dunlap, Holmes, Ross & Woodson for Appellants.

Roland Maxwell and Paul H. Marston for Respondents.

VALLÉE, J.—Appeal from an order admitting a holographic instrument, dated April 16, 1942, to probate as the last will and testament of James T. Wallace, deceased, and appointing Eula Greene Wallace, administratrix with the will annexed, and from a minute order denying admission of a prior will, dated December 7, 1939.   Appellants, Lottie C. Heath and Mary Jane Wallace, are beneficiaries under the prior will.   Respondent is the surviving widow.   Decedent died February 20, 1949, in the county of Los Angeles.

The document admitted to probate was found in decedent's safe deposit box after his death. It was pinned to the second page of a carbon copy of the 1939 will, directly over Paragraph "Fourth," the residuary clause. The carbon copy of the 1939 will had been altered in pencil by decedent and contained many interlineations, additions and changes. Paragraph "Fourth" on the second page had been completely cancelled by decedent, as well as a paragraph bequeathing specified personal property to appellant Lottie C. Heath.

First Trust and Savings Bank of Pasadena, named as executor in the will of 1939, petitioned for probate of that instrument and the holographic instrument of April 16, 1942, as a codicil to the 1939 will, alleging that it was entirely written, dated, and signed in the handwriting of decedent. Respondent petitioned for probate of the holographic instrument of April 16, 1942, and for letters of administration with the will annexed. At the hearing, First Trust and Savings Bank withdrew "its petition insofar as it applies to the holographic document." The court found and concluded that the April 16, 1942, instrument had been written, dated and signed by decedent, evidenced a testamentary intent, and revoked the prior will of December 7, 1939, in its entirety.

The document admitted to probate consists of one sheet, approximately 2½" x 4" in size, of lined notepaper, and is entirely written in the handwriting of decedent. It reads:

"4/16/42

I, James T. Wallace have the use of all Personal and Real Estate as long as I survive.

At my death all real Estate and my Personal Property—shall Pass to my wife (Eula Wallace) as long as she survive.

When both pass away, all of Property—(real-and Personal) that it is left of my Estate, shall Pass to our Son—Litt Ransom after all debts ?—are paid

"

Appellants claim the instrument does not meet the requirements of section 53 of the Probate Code in that the instrument was not "signed" by decedent and that it contains "no internal evidence" indicating a testamentary intent. This claim is fully answered by *Estate of Kinney*, 16

Cal.2d 50 [104 P.2d 782]. The cases cited by appellants here in support of their position were cited by the appellant in the Kinney case and are there distinguished. In upholding the validity of a holographic will in which the name of the decedent appeared only in the *exordium,* the court said, page 54: "It is for the probate court in the first instance to say whether the document was 'signed' by the decedent, and its determination will not be disturbed unless it is without support in the evidence. [Citations.] Whenever it has appeared that a holographic testamentary instrument was a completed declaration of the decedent's desires, such an instrument has been admitted to probate although the decedent wrote his name only in the beginning of the declaration. This has been so even where there was no expression by the testator affirmatively adopting the name so placed as his signature to the will. Completeness alone has been held sufficient evidence of the adoption of the name so placed as the authenticating signature of the testator and as a compliance with the statute which requires the will to be 'signed.' [Citations.] . . .

"From the earliest consideration of the question, completeness of the testamentary declaration has been deemed sufficient evidence of the 'signing' of the writing, even though the declarant's name was written by him at a place other than at the end. The injunction that statutory requirements must be complied with is, of course, to be fully observed, but where the statute does not require that the will be subscribed or signed at the foot or end thereof, courts in other jurisdictions have likewise held such instruments to be validly executed wills. [Citations.]" (See, also, *In re McNair's Estate,* 72 S.D. 604 [38 N.W.2d 449]; *Hall* v. *Brigstocke,* 190 Va. 459 [58 S.E.2d 529, 533].)

It appears from the holograph that it is a complete testamentary instrument and that decedent intended to make a testamentary disposition of all his property. It disposes of his entire estate. "No particular words are necessary to show a testamentary intent but it must satisfactorily appear from the document offered as the last will and testament that the decedent intended, by the very paper itself, to make a disposition of his property after his death in favor of the party claiming thereunder." (*Estate of Wunderle,* 30 Cal.2d 274, 280 [181 P.2d 874].)

The admitted instrument was written with meticulous care. There was testimony that decedent first wrote it in pencil and thereafter laboriously retraced the words in ink. There re-

mained sufficient space on the sheet for additional writing if decedent had desired or had intended to add further provisions. That he did not desire to do so is indicated in the document itself. Although no period is placed after the last word "paid," the line drawn by decedent just below this sentence evidences sufficient finality to meet the test of completeness. The dispositive provisions of the admitted instrument completely revoked those in the 1939 will. Formal provisions, including the appointment of an executor, were not necessary. (*Estate of Kinney,* 16 Cal.2d 50, 55 [104 P.2d 782].)

The orders are affirmed. Respondent to recover her costs on appeal.

Shinn, P. J., and Wood (Parker), J., concurred.