[Civ. No. 19744. First Dist., Div. One. July 3, 1961.]

BENNIE LEE SMITH, Appellant, v. ALLEN MADRUGA et al., Defendants; TOMMY ROBSON, as Deputy Sheriff, etc., Respondent.

Reaves & Watson and Francis A. Watson, Jr., for Appellant.

John A. Nejedly, District Attorney, and Charles R. Mack, Deputy District Attorney, for Respondent.

HOYT, J. pro tem.*—This is an appeal from a judgment entered after an order sustaining a demurrer to plaintiff's first amended complaint. Plaintiff brought an action for false arrest and false imprisonment. His complaint was against several people but this appeal is concerned only with the plaintiff's cause of action against Tommy Robson.

So far as Tommy Robson is concerned, the complaint alleged that at all times herein mentioned Tommy Robson was a deputy sheriff employed by Contra Costa County, California; that on or about the 8th day of April, 1958, a complaint was issued against Bennie Leon Smith for failure to provide for

*Assigned by Chairman of Judicial Council.

his minor children, and a warrant was issued for his arrest; that during the years 1956, 1957 and 1958, "one Bennie Leon Smith was arrested in the San Francisco Bay Area fifteen times and was on the 20th day of December, 1958, sentenced to the California Department of Corrections for a period of one year to life on a charge of second degree robbery"; that at all times while plaintiff was arrested and imprisoned as hereinafter set forth "said Bennie Leon Smith" was held in the state prison in Tracy, California; that all of such matters appeared in the records of the Contra Costa County sheriff, "all of which facts were well known to all of the defendants"; that about October 18, 1959, plaintiff was arrested in the County of Los Angeles, California, pursuant to a warrant for a traffic violation and held in jail; that on or about October 23, 1959, on the basis of teletype information from the Los Angeles police department, a deputy sheriff flew to Los Angeles and arrested plaintiff; that he then flew defendant to Contra Costa County and booked him at the county jail in Martinez, California; that, "Immediately thereafter plaintiff was fingerprinted by defendant Tommy Robson and imprisoned in said jail. At all times during said arrest, booking, fingerprinting, and imprisonment, plaintiff protested his arrest and advised defendants that he was not Bennie Leon Smith and that he was Bennie Lee Smith, but defendants ignored said advice and protests, . . ."; that notwithstanding plaintiff's demand to be released, "defendants refused to release plaintiff from custody"; that plaintiff was released from custody on October 27, 1959; that, "During all of the period plaintiff was wrongfully arrested and imprisoned, defendants well knew from the fingerprints taken from plaintiff and from their own records and files that Bennie Leon Smith was incarcerated in the state prison at Tracy, California, that plaintiff was not Bennie Leon Smith and that plaintiff was wrongfully arrested and imprisoned, and notwithstanding this knowledge, defendants refused to release plaintiff"; that as a direct result of his wrongful arrest and imprisonment plaintiff suffered damages in specified amounts; that, "In doing the things herein alleged the defendants, and each of them, acted maliciously and were guilty of wanton disregard of the rights and feelings of plaintiff. . . ."

On appeal from a judgment entered after an order sustaining a demurrer, the allegations of the complaint must be regarded as true. (*Carruth* v. *Fritch,* 36 Cal.2d 426 [224 P.2d 702, 24 A.L.R.2d 1403]; *Speegle* v. *Board of Fire*

*Underwriters,* 29 Cal.2d 34 [172 P.2d 867]; *Department of Water & Power* v. *Inyo Chemical Co.,* 16 Cal.2d 744 [108 P.2d 410]; *Katenkamp* v. *Union Realty Co.,* 6 Cal.2d 765 [59 P.2d 473].)　　A demurrer admits all of the facts well pleaded however improbable. (*Hitson* v. *Dwyer,* 61 Cal.App. 2d 803 [143 P.2d 952]; *Lee* v. *Hensley,* 103 Cal.App.2d 697 [230 P.2d 159].)

Appellant contends that all persons participating in an unlawful arrest, including a jailer, are liable, citing *Oppenheimer* v. *City of Los Angeles,* 104 Cal.App.2d 551 [232 P.2d 30]. In the Oppenheimer case the complaint alleged the arrest of plaintiff without a warrant for a misdemeanor not committed in the presence of the arresting officers, and plaintiff's imprisonment in the county jail. That while plaintiff was so imprisoned the defendant Greenbaum, " 'wilfully refused to let plaintiff secure his release on bail, upon demand therefor, but that said defendant continued to hold plaintiff in confinement. . . .' " (P. 552.) The court held that the pleading sets forth the essential elements necessary to sustain a cause of action for false imprisonment against Greenbaum, "namely, (1) the unlawful arrest without process, (2) the imprisonment, and (3) damages." (P. 553.) The court stated, "All who take part in or assist in the commission of a false imprisonment are joint tort feasors, and may be joined as defendants without an allegation or proof of a conspiracy." (P. 553.)

In the instant case the arrest was unlawful if the arresting officer failed to use reasonable prudence and diligence to determine whether the party arrested was actually the one described in the warrant. (*Miller* v. *Fano,* 134 Cal. 103 [66 P. 183].)　　In *Walton* v. *Will,* 66 Cal.App.2d 509, 512 [152 P.2d 639], it is stated: "The protection given officers of the law in serving a warrant of arrest is not unlimited. An officer is not discharged from liability if he fails to take precaution to ascertain if the person about to be arrested is the party against whom the warrant was issued or if he refuses to act upon information offered to him which would have disclosed that a mistake was being made by serving the warrant upon the wrong person. (22 Am.Jur. § 73, p. 405.)　　The duty unquestionably rests upon an officer to promptly execute a warrant but the officer also owes a duty to the public and to the party about to be arrested. If he carelessly arrests the wrong party he is liable for the damages caused. 'He should

use prudence and diligence to find out if the party arrested is the party described in his warrant.' ''

In the instant case it is alleged: ''During all of the period plaintiff was . . . arrested and imprisoned, defendants well knew . . . that Bennie Leon Smith was incarcerated in the state prison at Tracy, California, that plaintiff was not Bennie Leon Smith. . . .'' Since this was an arrest on a warrant for Bennie Leon Smith it shows that reasonable prudence and diligence were not used to find out if the party arrested was the party described in the warrant. In fact, the allegation is that defendants wilfully arrested and detained the wrong person. There is no question concerning the other elements of false imprisonment, namely the imprisonment and damage.

The respondent Robson points out that this case is not like *Abbott* v. *Cooper,* 218 Cal. 425 [23 P.2d 1027], which held a jailer liable for false imprisonment where the prisoner was arrested without a warrant and the arresting officer admitted to the jailer that there were no charges that could be brought against the prisoner. He also cites *Wood* v. *Lehne,* 30 Cal.App. 2d 222, 227 [85 P.2d 910] in which it was said: ''As to Parker, the evidence shows him to have been the desk sergeant who booked the plaintiff at the direction of Craig and Winchell. Unlike Craig, the chief of police, there is no evidence that Parker was vested with or exercised any discretion in connection with plaintiff's incarceration, nor can it be reasonably inferred from the evidence that Parker entertained any malice; therefore, as to defendant Parker the evidence fails to support the judgment.'' Similarly, in *Gorlack* v. *Ferrari,* 184 Cal.App.2d 702, 712 [7 Cal.Rptr. 699], the court held: ''Appellant does not contend that the judgment for Van Cleave was erroneous. Van Cleave was the sergeant in charge of the booking of appellant from the time she was placed in the city jail and the evidence shows that appellant was booked at the direction of the patrol captain. There was no evidence that Van Cleave possessed or exercised any discretion in connection with appellant's incarceration and it cannot be inferred that he was actuated by any malice towards appellant. Therefore, the judgment in favor of Van Cleave must be sustained.'' In the complaint here there are no facts alleged showing that Robson was in a position similar to that of the jailer in *Abbott* v. *Cooper, supra,* or the desk sergeant in *Wood* v. *Lehne, supra,* or the sergeant in charge of booking

in *Gorlack* v. *Ferrari, supra.* We cannot read such allegations into the complaint.

In this case it is alleged that respondent acted maliciously and that at all times he knew that appellant was not the man named in the warrant and refused to release him. It must be remembered that this appeal is from a judgment entered after the sustaining of a demurrer. Under such circumstances all facts properly pleaded are presumed to be true.

The judgment is reversed.

Tobriner, Acting P. J., and Duniway, J., concurred.