[Civ. Nos. 23422, 23878.   First Dist., Div. One.   Dec. 5, 1966.]

Estate of LESTER A. O'BRIEN, Deceased. BEULAH McGRUDER, Plaintiff and Appellant, v. JAMES W. FOLEY, as Executor, etc., et al., Defendants and Respondents.

(Two Appeals.)

Myers, Hawley, Morley & Moore and John M. Moore for Plaintiff and Appellant.

Foley & Foley and William J. Foley for Defendants and Respondents.

SULLIVAN, P. J.—The sole question confronting us in these cases is whether appellant is an "interested person" within the meaning of Probate Code section 380[1] so as to have standing to contest a will after probate.

Lester A. O'Brien died on September 22, 1964, a resident of Santa Clara County. He left surviving him as his sole heir-at-law his sister Lorene Ogden, one of respondents herein. On October 19, 1964 the court below made its order admitting to probate as decedent's last will a document dated December 13, 1962 and appointing respondent James W. Foley executor thereof. There was no contest before probate (§ 370).

On March 30, 1965 appellant Beulah McGruder, also known as Mrs. L. McGruder, who is neither an heir of decedent nor a devisee or legatee under decedent's 1962 will, filed in the court below a "Petition for Revocation of Probate of Purported Will." Respondents'[2] demurrer thereto was sustained with leave to amend.

Appellant thereafter filed a First Amended Petition for Revocation of Probate (petition) alleging in substance the following: that she is the sole beneficiary under a holographic will executed by decedent on August 2, 1963 "which contestant alleges to be the last Will executed by the decedent"; that she is an "interested person" entitled to contest the 1962 will "since contestant has an interest that may be impaired or

---

[1]Hereafter, unless otherwise indicated, all section references are to the Probate Code.

[2]Named as respondents in appellant's petition were Foley, Jack Wilson, one of the two beneficiaries named in the 1962 will and Lorene Ogden, decedent's sole surviving heir-at-law. Said three persons are also respondents on this appeal.

defeated by the probate" of the 1962 will "or benefited by setting it aside";[3] that the 1962 will was executed under undue influence and was not executed as required by law; and that decedent revoked the 1962 will.[4] Attached to and incorporated in said petition by reference is the alleged 1963 holographic will.[5]

Respondents demurred to the amended petition asserting as grounds of demurrer that appellant "is not a devisee, legatee or heir-at-law or other person interested in said estate or in the Will of said deceased heretofore admitted to probate herein, and said contestant has not the legal capacity to contest the probate of said Will"; that the petition did not state facts sufficient to constitute grounds for revocation of probate; and that it was uncertain, ambiguous and unintelligible in various particulars. Respondents also filed a motion to strike portions of the petition. The lower court sustained the demurrer without leave to amend.[6] The record reflects that the reason for the court's ruling was that appellant was not an "interested person" within the meaning of section 380 and thus had no standing to contest the probate of the will. Judg-

---

[3] Appellant's petition alleged: "Said benefit would result for two reasons, among others: (1) Said benefit would result if the purported Will were set aside, because the presumption of testacy could freely operate to allow the final testamentary document of the deceased to fully control the disposition of the estate; (2) Contestant is not a beneficiary under the purported Will admitted heretofore to probate but would be the sole beneficiary under the Will dated August 2, 1963."

[4] The significance of this allegation is not clear. Immediately following it are allegations that under the 1962 will decedent left all of his property to respondents Foley and Wilson and that under the 1963 holograph he left *all* of his property to appellant. However, the holograph itself does not expressly so state (see fn. 5, *infra*). Nor does it contain a clause revoking prior wills.

[5] Said document reads as follows:

"Washburn, Mo.
Aug 2 - '63

"Being of sound mind and under no undue ~~influence~~ influence, in the event anything happens to me on my way out to Calif. it is my wish that Mrs. L. McGruder receive all my personal holding such as money in commercial account, ring, badge, auto, travelers cheques or anything else she may wish. I fully intend to change will on my arrival there.
"Signed this day
Aug 2 -- 1963

Lester A. O'Brien
Witness   Jim McGruder
Beulah McGruder"

[6] Respondents' motion to strike was denied as being moot.

ment was entered dismissing the first amended petition for revocation of will. This appeal followed.[7]

Only an interested person may contest a will, either before or after probate. (§§ 370, 380.)[8] An "interested person" is one who has such a pecuniary interest in the devolution of the testator's estate as may be impaired or defeated by the probate of the will or be benefited by having it set aside. (*Estate of Land* (1913) 166 Cal. 538, 543-544 [137 P. 246]; *Estate of Plaut* (1945) 27 Cal.2d 424, 425-426 [164 P.2d 765, 162 A.L.R. 837]; *Estate of Harootenian* (1951) 38 Cal.2d 242, 248 [238 P.2d 992]; *Estate of Anthony* (1932) 127 Cal.App. 186, 189 [15 P.2d 531]; *Estate of Arbuckle* (1950) 98 Cal. App.2d 562, 566 [220 P.2d 950, 23 A.L.R.2d 372]; *Estate of Rodda* (1957) 152 Cal.App.2d 300, 302 [313 P.2d 582]; 4 Witkin, Summary Cal. Law (1960), p. 3228; 54 Cal.Jur.2d, Wills, § 604, pp. 127-128.) A beneficiary under an earlier will otherwise entitled to probate is an interested party and may contest the later will without first obtaining probate of the earlier one. (*Estate of Plaut, supra*, pp. 428-429 and cases there cited; *Estate of Harootenian, supra*, p. 248; *Estate of Munfrey* (1943) 61 Cal.App.2d 565, 567 [143 P.2d 414, 144 P.2d 370]; *Estate of Arbuckle, supra*; *Estate of Robinson* (1961) 192 Cal.App.2d 847, 851 [13 Cal.Rptr. 842].) Since in such event the main issue in the case is "the validity of the later will, the one being contested, not the validity of the earlier" (*Estate of Plaut, supra*, at p. 428; *Estate of Langley* (1903) 140 Cal. 126, 131 [73 P. 824]) a *prima facie* showing of the contestant's interest is sufficient. (*Estate of Plaut, supra*; *Estate of Harootenian, supra*.) "It is his interest in the devolution of the estate which establishes the right of contest." (*Estate of Harootenian, supra*, 38 Cal.2d at p. 249.) It is therefore not required that the impairment or bene-

---

[7]We have before us two separate appeals arising out of the proceedings below: 1 Civil 23422 and 1 Civil 23878. Appellant first appealed from the order sustaining the demurrer without leave to amend made by the court on November 5, 1965. Apparently realizing the nonappealable character of this order, appellant thereafter requested opposing counsel to have a judgment of dismissal entered on March 17, 1966 *nunc pro tunc* as of November 5, 1965. Appellant thereafter appealed from said judgment. The parties have stipulated that the record on the first appeal (1 Civil 23422) may serve as the record in the second appeal from the judgment (1 Civil 23878). The first appeal from the nonappealable order must be dismissed.

[8]Section 380 provides in pertinent part: "When a will has been admitted to probate, *any interested person* . . . may, at any time within six months after such probate, contest the same or the validity of the will." (Italics added.)

fit be established as a certainty (*Estate of Plaut, supra*) but is sufficient if the interest is one that *may* be impaired by the will assailed or *may* be benefited by setting it aside (*Estate of Land, supra,* 166 Cal. 538, 544) "even though he may ultimately not receive any part of the estate" (*Estate of Plaut, supra*).

While the foregoing rules dealing with a situation where the contestant is a beneficiary under an *earlier* will are well settled, neither party has cited to us, nor have we found, any reported decisions in California dealing with a situation where, as in the instant case, the contestant is a beneficiary under a *later* will. Admittedly the two situations cannot be fully equated since in the latter situation the will under which the contestant claims, being later in time, may have a revocatory effect on the document offered for, or already admitted to, probate whereas in the former situation the will under which the contestant claims, being prior in time, would have no such effect. Apart from such variances, we find generally speaking no essential distinction between the two situations and apprehend no reason why a beneficiary under a later will may not be considered an interested party for the purposes of contest if the requisite impairment of, or benefit to, his interest has been established. Neither party has furnished citations directly to the point but we find respected although sparse authority supporting the broad thesis. (*Corbell* v. *Koog* (Tex.Civ.App. 1945) 188 S.W.2d 905, 907-908; *Davidson* v. *Gray* (Tex.Civ. App. 1936) 97 S.W.2d 488, 491; 3 Page on Wills (1961) § 26.54, p. 125; 1 Condee, Cal. Practice, § 363, p. 204;[9] 1 Estate Planning, Trusts and Wills (Prentice-Hall) par. 2130; 57 Am.Jur., Wills, § 820, p. 553.) It is obvious that a beneficiary under a later will normally has a pecuniary interest in the devolution of the estate. Paraphrasing the rule declared in the *Estate of Land, supra,* 166 Cal. 538 and California cases following it, if such interest *may* be impaired by the probate of an earlier will or benefited by having it set aside, the beneficiary under the later will is an "interested party" and has established his right to contest. ▮ By analogy to the foregoing California cases we think he should be entitled, if he so desires,[10] to contest the earlier will

[9]However *Estate of Robinson, supra,* 192 Cal.App.2d 847 which is cited by the author appears to have involved a contestant claiming under a prior will.

[10]We point out that under the particular circumstances of the case the necessity of such a contest may never arise. For example, upon the filing

without first offering the later will for probate but merely by making a *prima facie* showing of his interest. Whether such required impairment or benefit exists depends upon the facts of the particular case. To these we now turn our attention.

Since the issue of appellant's right to contest was raised by demurrer we must examine the sufficiency of her petition in the light of the familiar rules. ▮ A demurrer admits all material and issuable facts which are properly pleaded, however improbable they may be. (*Flores* v. *Arroyo* (1961) 56 Cal.2d 492, 497 [15 Cal.Rptr. 87, 364 P.2d 263]; *Smith* v. *Madruga* (1961) 193 Cal.App.2d 543, 545-546 [14 Cal.Rptr. 389]; *Byrne* v. *Harvey* (1962) 211 Cal.App.2d 92, 103 [27 Cal.Rptr. 110].) However, a demurrer does not admit and a court is not bound to accept the truth of contentions, conclusions or deductions drawn by the pleader from the facts alleged. (*Hancock* v. *Burns* (1958) 158 Cal.App.2d 785, 790 [323 P.2d 456].) ▮ While, as in the instant case, a written instrument attached as an exhibit and incorporated by reference in the pleading becomes as much a part of it as if incorporated bodily therein (*Holly Sugar Corp.* v. *Johnson* (1941) 18 Cal.2d 218, 225 [115 P.2d 8]; *Byrne* v. *Harvey, supra*), a demurrer does not admit the construction placed on such instrument by the pleader. We therefore observe, although it seems almost unnecessary to do so, that appellant's allegation that she is an "interested person" entitled to contest the purported will, being conclusionary, does not of itself establish the sufficiency of her petition.

The essential factual allegations upon which appellant asserts a right to contest may be summarized as follows: Decedent's earlier will dated December 13, 1962, admitted to probate, left all of decedent's property to respondents Foley and Wilson.[11] Appellant is not an heir of decedent; nor is she a devisee or legatee under the 1962 will. She is however the sole beneficiary named in the later holographic will dated August 2, 1963 (see fn. 5, *ante*). The 1963 will contains no express revocation clause. ▮ Although appellant's petition alleges that the deceased revoked the 1962 will, we need not

of a petition to probate a prior will or to probate a prior will and a subsequent instrument as being a codicil thereto (upon the theory that both instruments constitute the last will of a decedent), a person claiming under the subsequent instrument may petition for the probate of only such instrument upon the theory that either by express words or by implication (Prob. Code, § 72) it wholly revokes the prior will. (See *Estate of Wallace* (1950) 100 Cal.App.2d 237 [223 P.2d 284].)

[11]The will is not in the record before us.

accept the truth of this statement since it is conclusionary unless upon an examination of the 1963 will it appears that the latter, while devoid of a revocation clause, has a revocatory effect on the earlier will. Nor need we accept the truth of appellant's construction of the decedent's 1963 will which it is alleged "by its terms, leaves all of his property to the contestant herein" in the face of the language of the document itself. As appears, the will, apart from having language of a conditional nature (Prob. Code, § 24), contains no provisions expressly giving appellant *all* of decedent's property. Without intending any definitive construction of the will on this appeal, it is sufficient to say that under its terms decedent appears merely to leave appellant "all my *personal* holding" (italics added) of the kind illustrated by the examples thereafter enumerated.

▌ In California a written will can be revoked only in the manner prescribed by Probate Code section 74, that is to say by a subsequent instrument or by destruction or mutilation. (*In re Comassi* (1895) 107 Cal. 1, 5 [40 P. 15, 28 L.R.A. 414]; *Estate of Holmes* (1948) 88 Cal.App.2d 360, 365 [198 P.2d 708]; *Estate of Rinker* (1962) 209 Cal.App.2d 601, 605 [26 Cal.Rptr. 1].)[12] ▌ "A prior will is not revoked by a subsequent will, unless the latter contains an express revocation, or provisions wholly inconsistent with the terms of the prior will. In other cases the prior will remains effectual so far as consistent with the provisions of the subsequent will; . . ." (Prob. Code, § 72; *Estate of Cross* (1912) 163 Cal. 778, 781 [127 P. 70].) Thus where a later will contains no words of express revocation it will not be deemed to revoke a prior will by implication unless its provisions are *wholly inconsistent* with the terms of the prior will. (Prob. Code, § 72; *Estate of Marx* (1917) 174 Cal. 762, 767 [164 P. 640, L.R.A. 1917F 234]; *Estate of Iburg* (1925) 196 Cal. 333, 335 [238 P. 74]; *Estate of Bassett* (1925) 196 Cal. 576, 580 [238 P. 666]; *Estate of Siemers* (1927) 202 Cal. 424, 434-435 [261 P. 298]; *Estate of Mallon* (1938) 28 Cal.App.2d 106, 110 [81 P.2d 992]; *Estate of Martin* (1939) 31 Cal.App.2d 501, 506 [88 P.2d 234]; *Estate of Benson* (1944) 62 Cal.App.2d 866, 870-871 [145 P.2d 668]; *Estate of Wallace* (1950) 100 Cal.

---

[12]Probate Code section 74 provides in pertinent part: "Except as hereinabove provided, no written will, nor any part thereof, can be revoked or altered otherwise than: (1) By a written will, nor other writing of the testator, declaring such revocation or alteration, and executed with the same formalities required for the execution of a will; or, . . ."

App.2d 237, 240 [223 P.2d 284]; *Estate of Wiemer* (1962) 209 Cal.App.2d 7, 12-13 [25 Cal.Rptr. 693].) If the later instrument purports to make a disposition of *all* of the decedent's property, the earlier instrument is deemed to be wholly revoked. (*Estate of Bassett, supra; Estate of Siemers, supra; Estate of Mallon, supra; Estate of Martin, supra; Estate of Benson, supra.*)

■ All instruments testamentary in character executed by the same testator are to be construed as one instrument. (Prob. Code, § 101;[13] *Estate of Cross, supra.*) Thus, unless the provisions of a later will having no express revocation clause are wholly inconsistent, the later instrument will, if possible, be construed with the earlier one and if "the case be doubtful, the courts incline to preserve the contents of the prior will, wholly or in part, rather than declare a total revocation by inference." (*Estate of Iburg, supra,* at p. 334; *Estate of Cross, supra; Estate of Schnoor* (1935) 4 Cal.2d 590, 592 [51 P.2d 424]; *Estate of Salmonski* (1951) 38 Cal.2d 199, 209 [238 P.2d 966]; *Estate of Shute* (1942) 55 Cal.App.2d 573, 578-579 [131 P.2d 54]; *Estate of Brodersen* (1951) 102 Cal.App.2d 896, 902 [229 P.2d 38]; *Estate of Wiemer, supra,* 209 Cal.App. 2d at p. 11.) ■ The rule requiring several testamentary instruments to be construed together "like any other rule of construction, is but a guide for the purpose of ascertaining the intention of the testator." (*Estate of Bergland* (1919) 180 Cal. 629, 632 [182 P. 277, 5 A.L.R. 1363]; *Estate of Brodersen, supra; Estate of Wiemer, supra.*) Therefore "If a will is admitted to probate, even erroneously, the court must consider it in connection with a later will." (*Estate of Brodersen, supra,* 102 Cal.App.2d at p. 905.)

■ As we have seen, appellant, as the beneficiary under the 1963 holographic will, has a pecuniary interest in the devolution of decedent's estate. The question to which we now come is whether her interest *may* be benefited by having the probate of the 1962 will set aside. (*Estate of Land, supra,* 166 Cal. 538, 543-544.) The 1963 will under which appellant claims does not expressly revoke the 1962 will. Nor does it otherwise have the effect of revoking the 1962 will since its provisions are not wholly inconsistent with the prior will. The testator in the 1963 will did not make a *complete* disposition of his

---

[13]Probate Code section 101 provides: "Several testamentary instruments executed by the same testator are to be taken and construed together as one instrument. A will is to be construed according to the intention of the testator. Where his intention cannot have effect to its full extent, it must have effect as far as possible."

property in a different manner from that alleged to have been made in the 1962 will. While the prior will is not in the record now before us, according to the allegations of appellant's petition, it left *all* of decedent's property to respondents Foley and Wilson, while the subsequent holograph leaves only decedent's personal holdings of the kind described therein, to appellant. Accordingly, under the authorities discussed by us, the two testamentary documents if eventually admitted to probate must, if possible, be construed together.

It therefore follows that if the 1962 will were set aside and the 1963 will admitted to probate appellant would benefit since the two wills would no longer have to be construed together. As a result, appellant would be in a position to urge construction of the 1963 will, unfettered by a consideration of any inconsistencies existing between the two documents. Indeed, with only the 1963 will admitted, appellant would benefit by application of the settled rules that ''presumptions are to be indulged which will prevent entire or partial intestacy'' (*Estate of Akeley* (1950) 35 Cal.2d 26, 28-29 [215 P.2d 921, 17 A.L.R.2d 647] ; *Estate of Karkeet* (1961) 56 Cal.2d 277, 281 [14 Cal.Rptr. 664, 363 P.2d 896] ; *Estate of Schuster* (1955) 137 Cal.App.2d 125, 130 [289 P.2d 847] ; *Estate of Kuttler* (1958) 160 Cal.App.2d 332, 346 [325 P.2d 624] ; *Estate of Swallow* (1962) 211 Cal.App.2d 359, 362 [27 Cal.Rptr. 235] ; Prob. Code, § 102) and that ''Constructions leading to intestacy either in whole or in part are not generally favored but will be rejected when the language is reasonably effective to dispose of the entire estate; and liberal interpretation is employed to that end. [Citations.]'' (*Estate of Akeley, supra,* at p. 29.) In such event, it is entirely conceivable that appellant's interest under the 1963 will would not only be freed of any risk of diminution resulting from a construction of both documents together but might also be enlarged by application of the above presumption particularly since the 1963 will conferred upon appellant a broad power of selecting ''anything else she may wish.''

In short, it is more advantageous for appellant to have the 1963 will as the only testamentary document admitted to probate. We conclude therefore that appellant's interest may be benefited by having the 1962 will set aside, that she is therefore an ''interested person'' within the meaning of Probate Code section 380, and that the allegations of her petition are sufficient as against a general demurrer to establish a right of contest.

However, we express no opinion as to the validity of the 1963 holographic will, as to its effectiveness as a conditional will (Prob. Code, § 24) or as to the construction it should receive to the end of avoiding intestacy (Prob. Code, § 102 and cases cited *supra*). Nor should our conclusions herein be taken as an approval of the procedure followed below in lieu of consolidating the proceedings pertinent to both wills. (See, for example, *Estate of Cuneo* (1963) 60 Cal.2d 196 [32 Cal.Rptr. 409, 384 P.2d 1, 7 A.L.R.2d 1132].)

As noted previously, respondents demurred generally and specially. While the court's minute order sustaining the demurrer without leave to amend is in general terms it appears from its memorandum decision simultaneously made that the specific ground upon which the order was based (Code Civ. Proc., § 472d) was that of the general demurrer and that the court did not rule on the special demurrer. Indeed the parties so treated the order in their briefs and oral argument in this court. ■ As was said in *Stowe* v. *Fritzie Hotels, Inc.* (1955) 44 Cal.2d 416, 425-426 [282 P.2d 890] : "The pleader should be entitled to rely upon a statement in the order sustaining the demurrer as to the ground upon which it is made. ■ When a demurrer based upon both general and special grounds is sustained and the order mentions only the general ground, impliedly the ruling was made either without consideration of the special grounds or upon a determination that they are not well taken. If the general demurrer was sustained erroneously, the trial judge should be directed to consider the special grounds. [Citation.] Under a contrary rule, the pleader could not profit from the appeal unless he has anticipated the ruling to be made on the special demurrer and amended his pleading to remedy any defects." (In accord: *Weinstock* v. *Eissler* (1964) 224 Cal.App.2d 212, 223-224 [36 Cal.Rptr. 537] ; *Buss* v. *J. O. Martin Co.* (1966) 241 Cal.App. 2d 123, 136 [50 Cal.Rptr. 206] ; see *Gulliams* v. *Hollywood Hospital* (1941) 18 Cal.2d 97, 104 [114 P.2d 1] ; *Wennerholm* v. *Stanford University School of Medicine* (1942) 20 Cal.2d 713, 720 [128 P.2d 522, 141 A.L.R. 1358].) We therefore do not decide that the petition was not subject to the special demurrer and on remand the trial court may in its discretion require the clarification of those parts of the petition asserted to be uncertain, ambiguous and unintelligible.

The attempted appeal in 1 Civil 23422 from the minute order dated November 5, 1965 sustaining respondents' demurrer to appellant's first amended petition for revocation of will

is dismissed. The judgment dismissing appellant's first amended petition for revocation of probate of purported will entered on March 17, 1966 *nunc pro tunc* as of November 5, 1965, appealed from in 1 Civil 23878, is reversed with directions to the trial court to overrule the general demurrer and to rule on the points presented by the special demurrer. Appellant shall recover costs on both appeals.

Molinari, J., and Sims, J., concurred.

A petition for a rehearing was denied December 23, 1966, and respondents' petition for a hearing by the Supreme Court was denied February 1, 1967. Sullivan, J., did not participate therein.